Abbott *v.* Draper.

---

## ABBOTT *vs.* DRAPER.

Where a vendee in a *parol* contract for the purchase of land, who had made a partial payment and gone into possession of the premises, sued the vendor to recover it back, without first demanding its repayment; *held* that he could not recover.

If the action were otherwise maintainable it could not be brought until the plaintiff had restored the possession of the land.

Nor could it be sustained without proof of a demand of the money advanced before suit brought.

But independently of these objections, the suit could not be sustained without proof of a breach of the contract by the defendant; for although it was void by the statute of frauds it was not illegal; and the plaintiff could not recall what he had advanced so long as the defendant was willing to perform the agreement on his part.

---

Abbott *v.* Draper.

---

ERROR to Columbia C. P.   The parties joined issue befcre a justice of the peace, Abbott being plaintiff, and Draper defendant. The declaration was for goods sold and delivered, and the money counts: plea, the general issue.   The cause was tried in December, 1843.   The case was this: in October, 1842, the defendant agreed to sell the plaintiff a strip of land about six feet wide, and running back to the water, for the sum of $60; one half of which the plaintiff was to pay in money, and the other half in goods out of his store.   The goods were to be delivered immediately, as they might be called for by the defendant.   The money payment was to be made in July, 1843. upon receiving which the defendant was to give a deed.   The contract was reduced to writing; but was never signed by the parties.   The plaintiff took possession and occupied the land; and delivered goods to the defendant in pursuance of the contract to the value of $23,57.   Upon this state of facts, the plaintiff brought this action in December, 1843, to recover the value of the goods.   The jury found a verdict for the defendant, on which the justice rendered judgment, which the C. P. affirmed on certiorari.   The plaintiff brings error.

*G. W. Bulkley*, for the plaintiff in error, cited *Gillet* v. *Maynard*, (5 *John.* 85;) *Rice* v. *Peet*, (15 *id.* 503;) *Thayer* v. *Rock*, (13 *Wend.* 53;) *King* v. *Brown*, (2 *Hill*, 485.)

*C. P. Schermerhorn*, for the defendant in error, cited *Dowdle* v. *Camp*, 12 *John.* 451;) *Gillet* v. *Maynard*, (5 *id.* 85;) *Lockwood* v. *Barnes*, (3 *Hill*, 128.)

*By the Court*, BRONSON, Ch. J.   As the writing which was prepared was not signed, there was nothing more than a parol contract for the sale of the land, which was void by the statute of frauds.   But still the parties have acted under the contract as though it were valid; and the plaintiff has received a benefit from it.   He entered into the possession and enjoyment of the land; and there is nothing to show that he is not still in possession.   It would be strange indeed if he could recover in this

action on the ground that the contract was void; while he continues to receive advantage from it as a valid agreement. He cannot thus treat the contract as both good and bad at the same moment. Honesty and fair dealing forbid it.

Although the statute declares a parol contract for the sale of lands void, it does not make it illegal. It is not a corrupt or wicked agreement; nor does it violate any principle of public policy. Parties are at liberty to act under such contracts if they think proper. Many such have been carried into complete effect, by payment of the price, and conveyance of the land. Part performance does not take the case out of the statute, so that the contract can be enforced in a court of law. But when the vendee has received the possession and paid a part of the price, the contract is not so utterly void that he can recover back the money just as though there had never been an agreement. If he can recover at all so long as the vendor is not in the wrong, he must, at the least, first restore the possession, and demand the repayment of the money. It is impossible to maintain that he can retain the possession, and yet recall the money. And though he has never had the possession, or any other benefit under the contract, yet as he did not part with his money as a loan, but as a payment, he cannot recover it back without first demanding it from the vendor, and giving him notice that the contract is abandoned. When a man has paid money as due upon contract to another, and there is no mistake, and no fraud or other wrong on the part of the receiver, there is no principle upon which it can be recovered back, until after a demand has been made. It cannot be right to subject a man to an action for money which was received as his just due, before he has had notice that he who paid it has changed his mind, and intends to repudiate the obligation under which the payment was made.

But the difficulty lies still deeper than this. So long as the vendor is not in default, but is ready to perform the contract on his part, I see no principle upon which the vendee can recall the payments which he has made under the agreement. It was adjudged that he could not, in *Dowdle* v. *Camp*, (12 *John.*

451;) and although there are some loose expressions in the books looking the other way, none of the cases maintain a different doctrine. When the vendor refuses to go on with the contract, or has parted with his title so that he cannot perform, he is then in the wrong ; and having himself put an end to the contract, there is no longer any consideration for the payments which have been made under it; and the law will imply a promise to restore the money. But how can the law imply a promise to refund the money so long as the vendor is not in default? The payment was a voluntary one, made with a full knowledge of all the facts. Every time a payment was made and received, the parties virtually said, although the law will not enforce this contract, we will go on and carry it into effect. The money is not received as a loan; but as a payment: and so long as the vendor is able and willing to perform the contract on his part, he holds the money as owner, and not as a debtor. The consideration upon which the money was paid has not failed ; and there is nothing from which a promise to repay can be justly implied.

In this case, the plaintiff was let into possession of the land, and, for aught that appears, he has the possession still. He is in default for not making the money payment which was due in July, 1843 ; while there has been no wrong whatever on the part of the defendant. So far as appears, he is able and willing to convey on receiving the balance of the price. The defendant did not receive the goods in question as a debtor; but as a payment: and the consideration upon which they were delivered has not failed. Before the plaintiff can recover their value, he must put the defendant in the wrong, by tendering the balance of the purchase money, and demanding a deed.

Should it be admitted that the vendee can repudiate the contract without any default on the other side, still he must give notice to the vendor that the contract is abandoned, and demand a return of the money paid, before he can sue to recover it. Any other rule would be plainly unjust towards the vendor. And yet that is the very thing which has been done by this plaintiff. After having made payments under the contract from

time to time, he stopped short and brought this suit, without ever having told the defendant that he had changed his mind,. or demanded payment for the goods which had been delivered. That is not fair dealing, and the law will not sanction it.

Judgment affirmed.