Lisk *v.* Sherman.

---

ANN ELIZA LISK, wife of Henry Lisk, by her next friend, *vs.* SHERMAN, ex'r, &c.

25  433
64h 602

25  433
72h 631

25  433
83h 405

25b     433
84 AD⁴416

In an action against an executor, to recover a demand against the estate, a legatee under the will of the defendant's testatrix is a competent witness for the defendant.

Such legatee is not a person for whose immediate benefit the action is defended, within the meaning of section 399 of the code.

A parol contract for personal services, to be performed in future, and to be paid for in real and personal estate at the death of the employer, is within the statute of frauds, and therefore void.

The rule allowing a void contract to be resorted to for the purpose of determining the value of services rendered in pursuance of it, as estimated by the parties themselves, should be confined to cases where the land or other property, which by the contract was to be conveyed or delivered, and in payment of which the services, &c. were rendered, was fixed and determinate in its nature and character, and is referred to by the parties, in the contract, and possesses at the time of making the contract, a determinable value.

It is only in such cases that it can be said that the contract furnishes a measure of damages, or that the value of the property agreed to be conveyed or delivered can be said to be settled between the parties as the value of the services, &c. rendered in payment for it.

Where, by a parol agreement between L. and M. the former was to live with, and take care of, the latter as long as M. should live, and at her death L. was to have all the property, both real and personal, which M. should have at the time of her death ; *Held* that L. was entitled to recover only the actual intrinsic value of her services, for the time they were rendered, and according to their kind and character, without reference to the contract, or the value of the property of M. at the time of her death.

ACTION by the plaintiff to recover for her services rendered to Lydia Magee, the defendant's testatrix, under a special contract. The trial came on at the Seneca circuit in March, 1857, before Mr. Justice SMITH. Upon the trial the plaintiff gave evidence tending to prove the following agreement and facts. That in the lifetime of Lydia Magee, the testatrix, and some time in the month of July, 1852, a parol agreement was made and entered into by and between the said Lydia Magee and the plaintiff, who was unmarried, and whose name was then Ann Eliza Wells, to the effect following: The said Ann Eliza, in consideration of the agreement then entered into by the said Lydia, as hereinafter mentioned, agreed with the said Lydia to live with and take care of her, from that time, as long as she the said Lydia should live, and until her death; and in consideration of such agreement by the said Ann Eliza, the said Lydia at the same time agreed, that if she the said Ann Eliza should so live with and take care of her the said Lydia as long as she lived and until her death as aforesaid, all the property of the said Lydia which she should have and own at the time of her death, both real and personal, of every description, should belong to and become the property of her the said Ann Eliza, absolutely. That thereupon the said Ann Eliza commenced living with and taking care of the said Lydia, under and in pursuance of said agreement, and continued to live with and take care of the said Lydia until the 14th day of April, 1853, when the said Ann Eliza, with the consent of the said Lydia, intermarried with Henry Lisk; and it was then further agreed, by and between Lisk and his wife of the one part, and the said Lydia of the other part, that they the said Henry Lisk and his wife should, from that time until the death of the said Lydia, live with and take care of her the said Lydia; and that if Lisk and his wife should so live with and take care of her, the said Lydia, until her death, all the property which she the said Lydia should have at the time of her death, both real and personal of every description, should, after the death of the said Lydia, be absolutely owned by and belong to

the said Ann Eliza. That immediately after the entering into the said last mentioned agreement, Henry Lisk and his wife, the said Ann Eliza, in pursuance of said last mentioned agreement, commenced living with and taking care of the said Lydia, and so continued to live with and take care of her until her death, in the latter part of the year 1853. That at the time of entering into the said first mentioned agreement, as aforesaid, the said Lydia was about sixty years of age, and was and continued to be, from that time until her death as aforesaid, in feeble, infirm and declining health.

It was proved that the testatrix in her lifetime, and on the 24th of December, 1853, duly made and published her last will and testament, by which she gave a number of specific money legacies, including one to the plaintiff Ann Eliza Lisk, of $200, and one to Jane S. White of $200, amounting in all to the sum of $2000; and by which she gave to the defendant her pew in the Presbyterian church in Waterloo. The will directed her executor to sell her real estate, and gave the residue of her estate, after the payment of debts &c., to the daughters of Thomas C. Magee, in equal proportions. The will concluded by appointing the defendant executor thereof. The will was· duly admitted to probate by the surrogate of Seneca county on the 28th day of June, 1854, and letters testamentary issued thereon to the defendant.

The plaintiff offered to show what property the testatrix had, at the time of her death, real and personal, and the value of the same, for the purpose of fixing the value of her services, &c., to which the defendant's counsel objected, on the ground that it was not the proper way of proving the value of such services. That witnesses should be called to prove the worth or value of such services ; and that the agreement proved, not being in writing, and being for that reason void, and there not having been such a part performance as to take it out of the statute, the value of the property could not be the measure of the damages which the plaintiff was entitled to recover. The objection was overruled, and the defendant excepted. The plaintiff then

proved that Mrs. Magee owned at her decease, a house and lot in Waterloo, worth $800, and personal property of the value of $1600 or $1800.

After the plaintiff had rested, the defendant called as a witness, the said Jane S. White, the legatee of that name mentioned in the will. The plaintiff objected to her competency as a witness on the ground that, being a legatee in the will of the said Lydia Magee, she was one of the persons for whose immediate benefit the action was defended. The objection was sustained and the witness was excluded, and the defendant's counsel excepted.

After the evidence was closed, the justice holding the circuit charged the jury, among other things, that if they believed the contract was made as claimed by the plaintiff and above set forth, and that the same had been performed by the plaintiff, although the same was not in writing, the plaintiff was entitled to recover the value of the property which Mrs. Magee owned at her death. To this part of the charge the defendant's counsel excepted. The defendant's counsel requested the court to charge that the only amount the plaintiff was entitled to recover was what her services were worth, and that in determining that question the contract spoken of could not be taken into consideration. The court refused so to charge, and the defendant's counsel excepted. The jury returned a verdict in favor of the plaintiff for $2,500. The defendant now moved for a new trial upon the foregoing exceptions, which motion was heard at the general term in the first instance, in pursuance of an order to that effect, made at the circuit at which the trial was had.

*A. T. Knox,* for the defendant.

*D. Wright,* for the plaintiff.

*By the Court,* WELLES, J. We are clear that Jane White, who was offered as a witness on behalf of the defendant, was competent. She was a legatee in the will of Mrs. Lydia Magee,

and on that ground was excluded as a witness. The cases of *Butler* v. *Patterson,* (3 *Kern.* 292,) and *Freeman* v. *Spalding,* (2 *id.* 373,) decide the principle, and show that the action was not defended for the *immediate* benefit of the person offered as a witness, so as to exclude her under § 399 of the code. For the error of the justice in excluding the witness, if for no other reason, a new trial should be granted.

The counsel for both the parties desire the court to settle the rule of damages in case the plaintiff, on another trial, shall establish her right to recover. The plaintiff's counsel insists that under the circumstances of this case the measure of the plaintiff's recovery is the value of Mrs. Magee's estate at the time of her death. This the defendant's counsel denies, upon the ground that the contract alleged to have been made by the plaintiff with Mrs. Magee was void by the statute of frauds, as providing for the acquisition of real estate by the plaintiff, and the same not being manifested in writing. (2 *R. S.* 135, § 8.) And being void, it is as if it never had been made, and therefore cannot be resorted to for any purpose whatever. We entertain no doubt but the agreement was within the statute. It was so held by the learned justice before whom the cause was tried, and by Justice STRONG, when the same parties were before him in an action by the plaintiff against the defendant for a specific performance of this same contract.

In *Burlingame* v. *Burlingame,* (7 *Cowen,* 92,) it was held that a parol contract to pay for certain services on their being performed, by conveying a certain piece of land, the services being performed pursuant to the contract, was not void by the statute of frauds in such a sense as to prevent the party from recovering pay for his services ; but that the value of the services could be recovered according to the value of the land promised ; which might be resorted to as a measure of damages, though the contract to convey the land could not be enforced. To the same effect are *Fort* v. *Gooding,* (9 *Barb.* 371–375, 6,) and *Thomas* v. *Dickinson,* (2 *Kern.* 364.) It may be regarded as the settled general rule, where one party pays money, renders services or delivers property to another, under an

agreement for the purchase of property from the other, to be delivered or conveyed when paid for, and the vendee fully performs on his part, the vendor in case of his refusal to convey or deliver according to the agreement, is liable to an action at the suit of the vendee, for the money paid, services rendered or property delivered by the vendee; who is at liberty in such case to treat the contract as rescinded, and recover back the money paid, or the value of the services rendered, or property delivered. In cases where the payment by the vendee has been in services or property, without any value fixed by the agreement upon either, the value of the property, whether real or personal, which was to be delivered or conveyed, is the true measure of damages. In other words, it is the value of the services or property which the party receiving, agreed to pay for them. In such cases it is said the contract furnishes the measure of damages; and it makes no difference that the contract is declared void by the statute, provided it might be enforced except for the statute. In *Abbott* v. *Draper*, (4 *Denio*, 51,) Judge Bronson says: "Although the statute declares a parol contract for the sale of lands void, it does not make it illegal. It is not a corrupt or wicked agreement, nor does it violate any principle of public policy." And I confess I can see no reason for any distinction between such a contract and one which is binding upon the parties, in respect to the propriety of resorting to it for the purpose of fixing the measure of damages. In neither case is the contract sought to be enforced according to its terms. In the case of a contract void, though not illegal, it cannot be enforced, and of course no action can be maintained upon it. In a case where the plaintiff is at liberty to rescind a valid contract, and brings his action for services or property rendered or delivered under it, such action is no more upon the contract than in the other case. In both, the contract is laid out of view for the purpose of sustaining the action, and in each it may be resorted to in order to determine the value of the services rendered or property delivered or conveyed, as estimated by the parties themselves. The actual value of the services and property is, after all, the

Lisk *v.* Sherman.

true criterion by which to regulate the amount of the recovery in such cases, and the rescinded or void contract is only resorted to for the purpose of determining such value.

But this rule, or the reason for it, cannot, we think, apply to the present case. It is, or should be confined, to cases where the land or other property, which by the contract, was to be conveyed or delivered, and in payment of which the services &c. were rendered, was fixed and determinate in its nature and character, and is referred to by the parties in the contract, and moreover posesses, at the time of the contract, a determinable value. It is only in such cases that it can be said that the contract furnishes a measure of damages, or that the value of the property agreed to be conveyed or delivered can be said to be settled between the parties as the value of the services, &c. rendered in payment for it. By the agreement in this case the plaintiff was to live with and take care of the defendant's testatrix as long as the latter lived, and at her death the plaintiff was to have, to and for her own use, all the property, both real and personal, which the testatrix should have at the time of her death. The uncertainties connected with this agreement forbid the idea that any pecuniary amount of compensation for the plaintiff's services could have been in the mind of either of the parties, or that either could have had in mind any standard by which their pecuniary value could be regulated or determined, at the time the agreement was entered into. The services to be rendered were uncertain both in respect to the time they were to continue, and as to their character and extent. The compensasation was equally uncertain. The time when it was to be made depended upon the time the testatrix should live ; and when the contract was made it was entirely uncertain what property the testatrix would have, or whether she would have any at the time of her death. The presumption is, that the longer the plaintiff's services continued, the less value would be the property she was to have as her compensation. At least that was liable to be the case. By the contract, if the testatrix had died in a week after it was made, the plaintiff would probably have been entitled to far more than if she had lived ten years.

We are of the opinion, therefore, that the plaintiff was entitled to recover only the actual intrinsic value of her services, for the time they were rendered, and according to their kind and character, without reference to the contract or the value of the property of the testatrix at the time of her death. The learned justice at the trial held, and charged the jury, that the measure of the plaintiff's damages was the value of the property of the testatrix at the time of her death, and the jury found accordingly. Such ruling was opposed to the views herein expressed, and forms another ground for a new trial.

On both grounds considered, therefore, there must be a new trial, with costs to abide the event.

Ordered accordingly.

[MONROE GENERAL TERM, September 7, 1857.   *Johnson, T. R. Strong* and *Welles*, Justices.]