Pearson, C. J.
 

 There can be no doubt when one gives his note as the price of a tract of land, and takes no bond for title, but relies upon the verbal promise of the vendor to make a deed, that if the vendor collects the note by judgment, and then refuses to make title, and takes advantage of the Statute of Frauds, a Court of Equity will not allow him to keep the money, but will compel him to refund, on the ground that the note was obtained by a fraudulent mis
 
 *243
 
 representation, and a false promise; and in sucb case, the purchaser may maintain a bill, and require the vendor either to comph' with the confidence reposed in him and make title, or else refund the money.
 
 Albea
 
 v.
 
 Griffin,
 
 2 Dev. & Bat. Eq. 9.
 

 The plaintiff in this case however, seeks to avoid the contract for the defendants, instead of waiting to see whether they will take advantage of the Statute of Frauds; and the defendants, by their answers, aver a willingness to execute title, and comply with their verbal undertaking in respect to the land. This fully meets any equity on the part of the plaintiff.
 

 Per Curiam.
 

 Bill dismissed.