JOSEPH FORD

*vs.*

LEWIS BROWNELL.

Where a person, in mistake of his legal rights, paid money to another, either to be retained by the latter for his own use, or to be by him paid over to third parties, in the absence of fraud, wrong or mistake, on the part of the latter, and where he has done nothing amounting to an abuse of the trust reposed in him, or inconsistent with the understanding or agreement of the parties, he is not liable to an action to recover back the money before a demand for its repayment, nor after he has honestly paid it over to those for whose use it was received.

The plaintiff in this case appeals to this Court from a judgment of the District Court for Rice county, dismissing the action. A sufficient statement of the case appears in the opinion of the Court.

PERKINS & MOTT for Appellant.

1. We claim the right to recover in this action upon the principle reason, justice, " christain morals and the common law," as expounded in *Northup vs. Graves*, 19 *Conn.*, 547, and sanctioned upon "subsequent reflections" in *Stedwell vs. Anderson*, 21 *Conn.*, 144. See also, 4 *Cow.*, 454; 9 *Johns*, 201; 6 *Cow.*, 299; 10 *Wend.*, 355; 24 *Wend.*, 32.

2. No demand was necessary before suit brought.

Ford v. Brownell.

18 *Johns*, 485 ; 4 *Kernan*, 492 ; *See Law Reporter, Vol.* 22, *puge* 13.

LEWIS BROWNELL, Respondent.

I.—Money paid voluntarily under a mistake of law, with full knowledge of the facts, cannot be recovered back. *Willard's Eq. Juris., pp.* 62-3, *chap.* 1; *Clark vs. Dutcher,* 9 *Cow.,* 674 *and* 681 ; *Gilbert vs. Gilbert,* 9 *Barb.,* 532 ; *Wyman vs. Farnsworth,* 3 *Barb.,* 369 ; *Morton vs. Ostrom,* 33 *Barb.,* 256, (*see same case,* 20 *How. Pr. Rep.,* 298;) *Forest vs. Mayor of New York,* 13 *Abb. Pr. Rep.,* 350 ; *Fleetwood vs. City of New York,* 2 *Sand.,* 475 ; *Mowatt vs. Wright,* 1 *Wend.,* 355 ; *Champlain vs. Laytin,* 18 *Wend.,* 416 *and* 417 ; *Hilliard on Torts, p.* 183 ; 1 *Wait's Law and Pr., p.* 702.

II.—The money was properly received by the justice. It was his duty to receive it and pay it over to the plaintiff in that suit, and the law presumes he had discharged that duty. *Statutes of Minnesota, p.* 444, *sec.* 165 ; *Cow. Treatise, sec.* 307 ; 2 *Wait's Law and Pr., p.* 387 ; *Hartwell vs. Root,* 19 *Johns,* 345 ; *Smith vs. Hall,* 22 *Barb.,* 656.

III.—The judgment upon which the money was paid was a valid judgment until reversed upon appeal. It was simply voidable, not void. The justice had jurisdiction over both the defendant and the subject matter, and no action will lie against him while acting in good faith in the matter, even if he erred greatly to the injury of the defendant therein. 1 *Wait's Law and Pr., p* 737 ; *Yates vs. Lansing,* 5 *Johns,* 282 (*S. C.* 9 *Johns,* 395;) *Cunningham vs. Bucklin,* 8 *Cow.,* 178.

IV.—The money having been paid voluntarily, even were it recoverable back again, no action could be maintained till a demand and refusal to refund. *Cressy vs. Gierman,* 7 *Minn. Rep.,* 406 ; 19 *Conn. Rep.,* 547, *cited by appellant.*

*By the Court*—WILSON, Ch. J.—The plaintiff was tried by a jury, before the defendant, a justice of the peace, on a criminal charge, and convicted. For the purpose of appealing from the judgment, he voluntarily, and in ignorance of his legal rights, paid to the defendant the costs of the prosecution, and two dollars as justice fees for returning the case.

On the appeal, the criminal action was dismissed by the District Court, on account of the insufficiency of the complaint.

The present action, commenced to recover back the costs and fees thus paid, was removed by appeal from the justice court into the district court. In the latter court, there was no proof offered by the plaintiff that a demand was made before the commencement of the action that the costs and fees should be paid back, and, on motion of the defendant, the action was dismissed; the cause was removed into this court by an appeal from the judgment of dismissal.

It was not the duty of the plaintiff to advance the costs and fees, but having done so, there was nothing illegal or wrong in the defendant's receiving them, and we must presume, in the absence of evidence to the contrary, that he received them for the use of those legally entitled thereto. Under such circumstances, no fraud, wrong, or even mistake, on the part of the defendant, being proven, it would be most unjust to subject him to an action, without notice that the plaintiff wished or demanded the money to be paid back, or after he had honestly paid it over to others entitled to receive it. The law on this subject is, we think, correctly laid down in 1 *American Lead. Cases, 3d Edition*, 672, in the following language: "With regard to the question of the liability generally of an agent or receiver to an action for money in his hands, without a demand, there is a

considerable diversity of opinion; but the true distinction appears to turn upon the question whether or not, by the nature of the agency, it is his duty to pay over immediately on the receipt of the money." There was no understanding that this money should be paid back; on the contrary, the plaintiff's conduct justified the defendant in believing that such repayment was not desired.

The defendant received the money as trustee—at least that portion of it not going to himself—and having done nothing amounting to an abuse of the trust, or inconsistent with the understanding or agreement of the parties, he is not liable without a demand. See, also, *Abbott vs. Draper*, 4 *Denio*, 53; *Walrath vs. Thompson*, 6 *Hill*, 540.

Judgment affirmed.

McMillan, J.—I concur in the conclusion arrived at in this case.