JAMES P. WATKINS, Appellant, *v.* RUSSELL M. RUSH, Respondent.

(GENERAL TERM, SEVENTH DISTRICT, SEPTEMBER, 1869.)

Upon a sale without writing, of standing grass, the vendee paid the whole price, entered, cut, and removed a portion of the crop, when he was stopped by the vendor.—*Held*, that the vendee was not entitled to recover the sum paid without allowance for the grass taken.

The complaint claimed damages for non-delivery of the grass, the answer was a general denial and plea of the statute of frauds.—*Held*, that evidence of the quantity of grass removed, was competent upon the question of damages.

THIS was an appeal from a judgment of the Ontario County Court, reversing the judgment of a Justice's Court upon the verdict of a jury.

The complaint before the justice was in writing, and upon a contract made with the defendant for sale of standing grass, and it demanded damages for a refusal to deliver the same, or allow it to be cut according to the contract. The answer denied each and every allegation of the complaint, and averred that the alleged contract was for a sale of real estate, and void by the statute of frauds.

It appeared that the plaintiff had purchased the grass in question, without written agreement, of the defendant, for the sum of twenty-five dollars, which he (plaintiff) paid, and afterward entered upon the land, and mowed and removed part of the grass, but while he was mowing the remainder, the defendant interfered and prevented him from continuing to cut or harvest it. The justice excluded evidence offered by the defendant to show the quantity of hay removed, as immaterial and improper, and the defendant excepted. The plaintiff had a verdict for the full amount paid for the grass; the defendant appealed, and the judgment was reversed in the County Court, and thereupon this appeal was taken by the plaintiff.

*H. O. Cheesebro*, for the appellant.

*Metcalf & Field*, for the respondent.

Mensch *v.* Mensch.

Present—E. D. SMITH, JOHNSON, J. C. SMITH and DWIGHT, JJ.

By the Court—DWIGHT, J.  The parol contract for the sale of the standing grass was void by the statute of frauds, so far as that it could not have been enforced by either party, but it was not illegal, and the parties were at liberty to perform it, if they saw fit.  The plaintiff had received a portion of the property.  He cannot maintain his action to recover the whole of the purchase price without making restitution, or compensating the defendant for the benefit which he has received.  Honesty and fair dealing forbid it.  (*Abbott* v. *Draper*, 4 Denio, 51.)

Besides, the action, as stated in the complaint, was not to recover back money paid under a void contract, but for damages by reason of the non-delivery of the grass by the defendant.  The answer was sufficient to put in issue the amount of damage sustained by the plaintiff, and evidence of the amount of hay received by him was competent on the question of damages.

In either view of the case, therefore, the justice erred in excluding the evidence of the amount of hay received by the plaintiff, and in instructing the jury that the plaintiff was entitled to recover the whole of the purchase price paid.

The judgment of the County Court must be affirmed.

All concuring.  Judgment affirmed with costs.