## JAMES M. C. EATON v. MATTHIAS C. EATON.

1. So long as an express trust, on which lands have been conveyed without the same being manifested and proved by some writing, remains unexecuted, it is incapable of legal recognition with a view to compel its legal performance by action.

2. But if the trust has been executed by the performance by the trustee of the fiduciary obligation which rested merely in parol, no action can be maintained to recover back the money paid by way of such performance. The statute of frauds is an insuperable barrier to an action to enforce a parol contract within its provisions, but it does not make the transaction illegal, and parties are at liberty to act under such contracts if they see proper.

3. When a person with a full knowledge of the facts voluntarily pays money which the law would not compel him to pay, but which, in equity and conscience he ought to have paid, he has no remedy to recover it back.

4. In an action to recover back money thus paid, parol proof not offered to establish the existence of the trust, with a view to its enforcement as a legal obligation, but as part of defence, that the money was a volun-

Eaton v. Eaton.

tary payment on an obligation, which, though not legally binding, was obligatory *in foro conscientiæ*, is competent.

5. Such evidence is not obnoxious to the rule which precludes the admission of parol evidence to contradict or vary the legal import of a written instrument. It is competent evidence to show a want of consideration, and fraud or imposition in procuring the instrument on which suit is brought.

On case certified from Essex Circuit, on rule to show cause why the verdict should not be set aside.

The declaration contains the common money counts, and the plaintiff, in support of the issue on his part, gave in evidence a due-bill, of which the following is a copy :

"IRVINGTON, May 23d, 1864.

"Due James M. C. Eaton, the sum of one thousand dollars, for value received.

"$1,000.                                        M. C. EATON."

It was further proved by the plaintiff that he paid to the defendant the sum of $1,000 in several sums, between the 1st of February, 1864, and the 23d of May, 1864, for which this due-bill was given.

It appeared in evidence that James Eaton, the father of both the parties, in his lifetime, was the owner of several tracts of land, situate in the county of Essex, which he conveyed to the plaintiff by an absolute deed of conveyance, bearing date on the 4th day of January, 1853, for the consideration therein expressed of $500, subject to the encumbrances thereon, which amounted to about $5,000, and containing the ordinary covenants for title and of warranty.

Evidence was offered by the defendant, and admitted by the court, tending to show that the deed to the plaintiff, though absolute on its face, was made to the plaintiff upon a trust for the benefit of the four children of the grantor, to sell the property and divide the proceeds among them.

The defence was that the money in question was paid to the defendant, not as a loan, but as an advancement in part

execution of the trust upon which the property had been conveyed to the plaintiff.    No declaration of the trust in writing, was proved.

The court, in the first instance, left the questions to the jury, whether there was a parol trust, and the money which was paid, for which the due-bill was given, was advanced in execution of the trust.    The jury being unable to agree upon a verdict, the court thereupon directed a verdict for the plaintiff, on the ground that the defence was within the statute of frauds, and that there was no evidence in the cause to take the defence out of the statute, and granted a rule to show cause, and certified to this court for its advisory opinion the two questions : whether the defence was within the statute of frauds, and, if, so, whether there was any evidence to take the case out of the statute.

Argued at June Term, 1871, before the CHIEF JUSTICE, and Justices DALRIMPLE, DEPUE, and VAN SYCKEL.

For plaintiff, *S. H. Pennington, Jr.*

For defendant, *Thomas N. McCarter.*

DEPUE, J.    That the original trust, upon which it is alleged the father conveyed the lands to the plaintiff, being simply by parol, was not enforceable in a court of law, is conceded by the defendant's counsel.    So long as an express trust, on which lands have been conveyed, without the same being manifested and proved by some writing, remains unexecuted, it is incapable of legal recognition with view to compelling its performance by action.

But if the trust has been executed by the performance by the trustee of the fiduciary obligation, which rested merely in parol, no action can be maintained to recover back the money paid by way of such performance.    The state of frauds is an insuperable bar to an action to enforce a parol contract, within its provisions, but it does not make the transaction illegal, and parties are at liberty to act under such contracts

if they see proper. *Abbott* v. *Draper*, 4 *Denio* 51; *Stowe* v. *Dennison*, 13 *Pick.* 4; *Coughlin* v. *Knowles*, 7 *Metc.* 57.

Where a person, with a full knowledge of the facts, voluntarily pays money which the law would not compel him to pay, but which, in equity and conscience, he ought to have paid, he has no remedy to recover it back. From a payment made under such circumstances, no promise will be implied to refund the money, there being nothing against conscience in the party who received it retaining it. The authorities to this effect are numerous. *Bize* v. *Bartenshlag*, 1 *T. R.* 285; *Farmer* v. *Arundel*, 2 *W. Bl.* 824; *Brisbin* v. *Dacres*, 5 *Taunt.* 144; *Wilson* v. *Ray*, 10 *A. & E.* 82; 2 *Smith's Lead. Cas.* 465; notes to *Marriott* v. *Hampton; Chitty on Cont.* 632. The principle stated is general, and is applicable as well to voluntary payments in performance of moral obligations which are not enforceable, as legal liabilities, by reason of the statute of frauds, as to cases where the obligation, though at one time legal, has been discharged by positive law, as where the debt was barred by the statute of limitations, or discharged by bankruptcy. *Abell* v. *Douglas*, 4 *Denio* 305.

A person performing services under a parol contract for compensation by the conveyance of lands, may recover the value of such services, if the other party, taking advantage of the statute of frauds, refuses to complete the contract, for the reason that, under such circumstances, it would be inequitable to retain the promised consideration and enjoy the benefit of the services without compensation. *Smith* v. *Smith's Adm'r*, 4 *Dutcher* 208. But so long as the other party is willing to carry out his contract by making the conveyance, no action can be maintained to recover back a consideration voluntarily paid. *Abbott* v. *Draper*, 4 *Denio* 51; *Coughlin* v. *Knowles*, 7 *Metc.* 57.

The case must, then, turn upon the question of the competency and relevancy of the evidence which was received at the trial. If the testimony was competent, it must be left to the jury.

Parol proof of the existence of the trust was not offered to

establish the trust, with a view to its enforcement as a legal obligation. The evidence was adduced as part of the defence, that the money was a voluntary payment on an obligation, which, though not legally binding, was obligatory *in foro conscientiæ*. For this purpose the evidence was competent.

The argument of the plaintiff's counsel is, that he relies for a recovery not upon a contract to be implied from the payment of money upon a transaction within the statute of frauds, but upon the written acknowledgment of indebtedness, and that parol testimony cannot be received to vary the legal import of a written instrument.

When the defendant received the money he signed a due-bill, which is a written acknowledgment of an indebtedness. The legal import of this instrument cannot be contradicted or varied by oral proof of a different understanding or agreement between the parties at the time it was signed and delivered, but it may be attacked by oral proof for want of consideration or fraud. *Duncan v. Gilbert*, 5 *Dutcher* 521; 2 *Parsons on Notes* 521. In *Slade v. Halsted*, 7 *Cow.* 322, in an action on a promissory note, it was held competent to prove by parol that the money mentioned in the note was paid, not as a loan, but as a payment on a contract for the sale of lands by the maker to the payee, which payment had not then become due, and that the note was given as a means to enable the payee to realize interest on the advance until the payment under the contract matured. The evidence was received not to contradict the note, but to show a want of consideration.

The defendant testified that he was in business in New York and wished $1000; that he had been promised a division of the estate, from time to time, but that, for some reason, no division could be made; that he applied to have the money raised by mortgage, and obtained the consent of his mother, and of the plaintiff, and the other heirs; that the money was borrowed on mortgage executed by the plaintiff, and paid to him as an advance in part execution of the trust, and not as a loan; that the plaintiff asked him for an acknow-

ledgment of indebtedness to charge against his portion of the estate; that the plaintiff drew the paper, which was signed by him, without reading it, on a representation by the plaintiff that it was a receipt to show what money was advanced to him on his portion of the estate.

This testimony is not obnoxious to the rule which precludes the admission of parol evidence to contradict or vary the legal import of a written instrument. It was competent evidence to show a want of consideration, and fraud or imposition in obtaining the due-bill, and was properly admitted.

The defence was one which might be made, notwithstanding the statute of frauds, and was supported by competent evidence, and should have been left to the jury.

The Circuit Court is advised to set aside the verdict and grant a new trial.

The CHIEF JUSTICE, and Justices DALRIMPLE and VAN SYCKEL concurred.