J. F. Daly, J.
The plaintiff having agreed, before his commission was earned, that it should be paid him by the conveyance of lots ; having selected the lots he would take; and defendant having duly tendered him a deed thereof ; no action can be maintained by plaintiff for the recovery of his commissions in money. Even though the contract to convey lots in such a case be void under the statute, it is only where the defendant refuses to convey that plaintiff may sue and recover *150 for the value of his services. All the cases cited by plaintiff present this feature (7 Cow. 92; 2 Hill. 485 ; 25 Barb. 433 ; 32 Id. 576 ; 19 N. Y. 299). In the last case, Erben v. Lorillard (19 N. Y. 299), it is said that: “The contract being void and incapable of enforcement in a court of law, the party paying the money or tendering the services in pursuance thereof, may treat it as a nullity, and recover the money or the value of the services. This is the universal rule in cases where the contract is void for any cause not illegal, if the defendant be in default.” The last clause suggests the controlling point in every such case. A parol contract for the conveyance of lands is void but not illegal (Lisk v. Sherman, 25 Barb. 438). Had defendant refused to convey the lots plaintiff would then have had the right to disaffirm the contract and recover for his services, because, by reason of its invalidity he could not enforce it against defendant’s objection. The right to disaffirm, however, springs from defendant’s default; without such default no promise can be implied on his part by the law, to pay otherwise than as he has agreed and is willing to pay (Abbott v. Draper, 4 Den. 53 ; Dowdle v. Camp, 12 Johns. 451).
Motion denied with $10 costs.