THE DURHAM CONSOLIDATED LAND AND IMPROVEMENT COMPANY v. W. A. GUTHRIE et al.

*Action to Recover Money Paid on Contract for Land— Sale of Land — Parol Contract—Statute of Fraud — Repudiation by Vendee.*

1. The Statute of Frauds (Sec. 1554 of *The Code*) only requires that a contract for the sale of land shall be in writing, signed by "the party to be charged therewith," and does not render void a contract that contains a defective description merely.

2. A contract concerning the sale of land, if signed by the vendor only, binds him but not the vendee.

3. If, under a parol contract for the sale of land, the vendor repudiates the sale, the vendee may recover back the money paid by him under the contract.

4. A parol contract for the sale of land is not void except at the instance of the party who is allowed to plead and does plead the Statute of Frauds, and neither party who repudiates it can take any advantage or benefit under it; hence,

5. Where the vendee in a parol contract for the sale of land repudiates the same, he cannot recover money which he has paid thereunder to the vendor, who is able and willing to perform his contract.

6. Where the vendee in a contract for the sale of land repudiates the same, after demand by the vendee for a compliance therewith, and thereafter the vendor disposes of the land, the vendee can not, in an action brought more than 12 months after his refusal to comply, recover money paid by him under such contract to the vendor.

7. Uncertain and speculative profits will not be allowed to form a part of the recovery in an action for damages for breach of contract.

CIVIL ACTION, tried before *Green, J.*, and a jury, at January Term, 1895, of DURHAM Superior Court. The action was brought by the plaintiff to recover money paid or "loaned" to the defendants. The defendants pleaded a counter claim and from a judgment in favor of the defendants for $330 on their counter claim, the plaintiff appealed.

The defendants had contracted with Fowler, Ferrell & Hicks for certain lands in Durham County and held their bonds for title when the purchase money was paid. In 1890 the plaintiffs and defendants entered into the following agreement marked Exhibit B concerning the same lands: "October 1, 1890—To the Durham, Consolidated Land & Improvement Company: We will let you take the property at the actual cost to us, and on the same terms as we bought it, which are about as follows: Cash payments, $2500—$4275 in one year from date of our purchase— $1600 in eighteen months from date of our purchase. About $3000 of these time-payments is at 6 per cent. interest, the balance at 8 per cent. You are to be at all expense of advertising and selling the property, and putting it in proper condition for sale to the best advantage, by opening streets and making whatever improvements is necessary to sell the property in one year from date, and after deducting the actual expenses only from the proceeds of sale, the remainder of the proceeds is to be equally divided between us and yourselves.

(Signed) S. T. Morgan, for Guthrie, Carr and Morgan".

The plaintiffs accepted the above proposition, paid the cash sum of $2500, took possession of the lands, cut and carried away wood, trees, etc., received rents and remained in possession for more than twelve months. In March, 1892, the defendants notified the plaintiffs that they (defendants) were sued by Ferrell for his money then just due, and added : "We request you to comply with the terms of our contract with you, and make payment of the purchase money and take title deeds for all property." Nothing more was paid or done by the plaintiffs, and in the Spring of 1892 the defendants resumed possession of the lands. Afterwards, the plaintiffs demanded that the $2500 be paid back, which was refused by defendants. In September, 1893, the plaintiffs commenced this action to recover the $2500 and filed their complaint which the defendants answered, and set up a counter claim for the value of wood, timber, rent, etc., received during the plaintiff's possession. His Honor submitted these issues:

1. Are the defendants indebted to the plaintiffs, if so in what sum? No.

2. What is the value of the timber and rents received by the plaintiffs from the lands described? $330.

The court rendered judgment in favor of the defendants according to the verdict and each party appealed.

*Messrs. F. H. Busbee* and *Shepherd, Manning & Foushee,* for plaintiffs (appellants).

*Messrs. J. W. Graham* and *Boone & Boone,* for defendants.

FAIRCLOTH, C. J. : We find from an examination of the record that the main question is, Can the plaintiffs recover back the $2500 paid in part performance of the agreement set out in the statement of the case?

The action does not seek to enforce the contract but to

recover back the money paid, and the complaint alleges that the written agreement is defective in its descriptive part, and is therefore void by the statute of frauds and cannot be enforced against the defendants by a bill for specific performance. The defendants answer and say, When you perform your agreement, we are ready, willing and able to perform our part by giving you good fee-simple deeds according to the true boundaries, which are well known to and recognized by you, by reason of your acceptance and possession of the lands for more than twelve months.

The plaintiff's position rests upon a misconception of the statute of frauds, *Code*, Sec. 1554. The statute only requires that the contract shall be in writing and signed by "the party to be charged therewith." So that if A contracts in writing to sell a tract of land to B, whose promise to pay is not in writing, A would be bound to perform, but B would not, if he saw proper to avail himself of the statute. *Love* v. *Welch*, 97 N. C., 200. If A and B contract for the sale of the land by parol, and the vendor elects to repudiate the contract, the vendee may recover back the amount he has paid under the contract. *Wilkie* v. *Womble*, 90 N. C., 254. A parol contract for land is not void, except at the instance of the party who is allowed and does plead the statute, and neither party who repudiates the contract can take any advantage or benefit under it. The repudiator is left in the condition in which he finds himself at the time of the abandonment. The plaintiffs cannot recover *in assumpsit*, because it is admitted that they had a special contract, and so long as it exists they cannot fall back on the common counts. The cases of *Green* v. *Railroad*, 77 N. C., 95, and *Foust* v. *Shoffner*, Phil. Equity, 242, are on "all fours" with the case before us. In the first case, it was agreed verbally that defendant would convey a certain tract of land to the plaintiff,

as soon as he would deliver to defendant an agreed number of cords of wood. Plaintiff delivered a part of the wood and quit, and sued defendant for the value of so much wood as he had delivered. Defendant said, I am ready and able to give you a good title to the land as soon as you perform your part of the contract, and the Court held that plaintiff could not recover.

It was conceded that defendants had otherwise disposed of the land before this action was begun, and it was urged by counsel that inasmuch as defendants were not in a position to convey the title to plaintiffs at that time, therefore the plaintiffs ought to recover. That argument is without force, because it ignores the fact that more than twelve months prior thereto the plaintiffs upon demand had failed to perform their obligation then past due, and it would have been unreasonable to require defendants to hold their property in an unproductive state until it suited the pleasure of the plaintiffs to make the first move.

We think it unnecessary to consider the numerous other points raised at the trial and on the argument, for assuming each and every one of them in favor of the plaintiffs, with the question above settled, as it is, the result would be the same.                    Judgment Affirmed.

### DEFENDANTS' APPEAL IN SAME CASE.

FAIRCLOTH, C. J.: This appeal is dependent upon the same facts as are found in the plaintiffs' appeal. The defendants recovered, in the opinion of the jury, the value of the actual damages to their property, and asked for the profits which they thought would have been realized if the plaintiffs had pressed their speculations with more energy in accordance with the agreement. His Honor thought these were too uncertain and too near out of sight, and in this we agree with him.                    Affirmed.