### CATHERINE GALLAGHER v. SAMUEL E. DETTELBACH.

MONEY PAID ON VERBAL CONTRACT FOR CONVEYANCE OF REAL ESTATE CANNOT BE RECOVERED, WHEN.

Money paid by the vendee under a verbal contract for the sale of land, unenforceable under the statute of frauds, Sec. 4199 Rev. Stat., cannot be recovered as money paid without consideration where the vendor has purchased adjoining property to complete the tract to be conveyed as specified in the contract, has offered to perform on his part and convey the property, and during more than five months was ready, able and willing to perform and had a warranty deed of the property properly executed and ready for delivery, although vendor after vendee had repeatedly refused to accept the deed and perform his part of the contract, conveyed the property to a third person.

ERROR to the court of common pleas.

James F. Walsh, for plaintiff in error.

Carpenter, Young & Stocker, for defendant in error, make the following points:

Where a contract is made for the sale of sheep at a stipulated price to be delivered at a certain time and place, fifty dollars to be paid in hand and the residue upon the delivery of the property, and the vendee after paying the fifty dollars without excuse refuses further compliance with the stipulations of the contract and the vendor, not being in default previously sells the sheep to other persons, after the time fixed for their delivery, such resale does not give the vendee the right to consider the contract as rescinded so as to enable him to recover back the sum paid by him on the contract. Ashbrook v. Hite, 9 Ohio St. 357, 358.

It may be asserted with confidence, that a party who has advanced money, or done an act in part performance of an agreement, and then

Gallagher v. Dettelbach.

stops short and refuses to proceed to the ultimate conclusion of the **agree**-ment, the other party being ready and willing to proceed and fulfill all his stipulations, according to the contract, has never been suffered to recover for what has been thus advanced or done: · The defendant's subsequent sale of the land does not alter the case. The plaintiffs had not only abandoned the possession, but expressly refused to proceed, and renounced the contract. To say that the subsequent sale of the lands gives a right to the plaintiff to recover back the money paid on the contract, would, in effect, be saying that the defendant could never sell it without subjecting himself to an action by the plaintiffs. Ketchum v. Evertson, 13 Johns. 359; Hudson v. Swift, 20 Johns. 23; Green v. Green, 9 Cow. 46; Battle v. Bank, 5 Barb. 414; Utterbach v. Binns, 1 McLean 242 [28 Fed. Cas. 861].

By an agreement in writing, one Thomas Parnell agreed to purchase a certain freehold from Richard Barrell, for £3,000, and paid as a deposit immediately after the signing of the agreement, upon the contract, £300. It was stipulated that the purchase should be completed by June 24, 1874. The abstract of title and draft of conveyance were prepared. The purchaser delayed the completion of the purchase, and subsequently was adjudged a bankrupt. The trustee in bankruptcy disclaimed the contract, and required the repayment of £300. The court say "The trustee in this case has no legal or equitable right to recover the deposit. The money was paid to the vendor as a guarantee that the contract should be performed. The trustee refused to perform the contract, and then says, give me back the deposit. There is no ground for such a claim." Barrell, Ex parte, 10 Ch. App. 512.

Plaintiff must show a refusal by the other party to perform; or some act or neglect on his part which may be regarded as equivalent to a refusal. Unless excused from performance on his own part by the refusal of the other party to perform, or some conduct equivalent to a refusal, he must show that he has offered to perform his part of the agreement, or at least that he gave notice of his readiness to perform, or being so ready, requested performance by the other party. Failing to do this, he cannot charge the mere neglect of the other party to take any action as a refusal to perform, or as a breach of the agreement. Hapgood v. Shaw, 105 Mass. 276.

To entitle a purchaser to recover back part of the consideration money paid on a contract for the purchase of land, he must show that he has tendered the residue of the purchase money and demanded a deed, so as to put the vendor in default. Hudson v. Swift, 20 Johns. 23; Green v. Green, 9 Cow. 46.

Either party being at liberty to perform the contract, and it not being the policy of the statute to discourage the performance of such contracts, it is generally held that there can be no recovery against a defendant not in default for benefits received.  Thus it is held that money paid in performance in whole or in part of an oral contract for the purchase of land, cannot be recovered if the vendor is willing to convey the property on the performance of the conditions by the plaintiff.  Keener, Quasi Contracts 232; Thomas v. Brown, 1 Q. B. D. 714; Collier v. Coates, 17 Barb. 471; Philbrook v. Belknap, 6 Vt. 383; Abbott v. Inskip, 29 Ohio St. 59.

An oral contract for the sale of lands is not utterly void by the statute of frauds; and therefore a party, who advances money on such contract, cannot recover it back, if the other party is able and willing to fulfill the contract on his part.  Coughlin v. Knowles, 48 Mass. (7 Metc.) 57.

## MARVIN, J.

This is a proceeding in error to reverse a judgment of the court of common pleas of this county.  The plaintiff here was the plaintiff below.

The facts are these:   On October 23, 1897, the plaintiff agreed with the defendant to purchase from him a certain lot of land in this city, a part of which was not at the time owned by the defendant, but he agreed that he would purchase this additional property, to wit, three feet front on Euclid avenue adjoining the lot which he then did own, and that the plaintiff should have the property from the defendant for $2,475.   This agreement was not reduced to writing, but was wholly a verbal agreement. The plaintiff paid to the defendant, at the time the agreement was made, the sum of $300.   The defendant, immediately after the agreement was made, purchased the additional three feet of ground, and notified the plaintiff that he had so purchased and that he was ready and willing to convey the property to her upon her paying the additional amount to be paid.   The defendant continued to be the owner of the land until April 6, 1898, when he conveyed it to another party, for the same consideration. The deed by which he conveyed to another party, and which is in evidence, expresses the consideration for which he did convey it as $3,000.   The only evidence in the case is the deed made by the defendant to the third party and the answer which the defendant made, the first answer in this case.   That answer was withdrawn and another substituted, but the plaintiff introduced that answer and rested upon it.   It follows that unless the facts contained in this answer entitle the plaintiff to recover, she is not entitled to recover.   Suit is brought by the plaintiff to recover the $300, which she paid at the date of the agreement.   This answer which, as has

already been said, was introduced in evidence by plaintiff, after setting out that the defendant purchased the additional three feet of land, so that he became the owner of all he agreed to sell, says:

"Immediately thereafter defendant did purchase said three feet additional and so notified plaintiff of said purchase and of his readiness to convey said forty-five feet of land" (that being all he had agreed to convey, and included the three feet) "to plaintiff according to the terms of said agreement, but plaintiff notwithstanding said notice utterly disregarded the same; within a few days thereafter defendant again notified said plaintiff personally that he had procured said property and was ready to make conveyance and complete the transaction, when plaintiff again refused and neglected to receive or accept said conveyance or to perform her part of said agreement and in like manner again on the twenty-ninth day of November and on the fourteenth day of December, 1897, defendant notified plaintiff of his readiness to convey said premises and urged plaintiff to accept said conveyance and comply with her agreement, but plaintiff still refused to give the matter any attention whatsoever.

"Then on the twentieth day of December defendant again notified said plaintiff in writing of his readiness and willingness to perform his agreement and make conveyance of said property and that unless she complied with her agreement by the twenty-seventh day of December, 1897, defendant would claim said $300 as forfeited by reason of plaintiff's failure to perform, but plaintiff continued as before to utterly ignore such notice as well as the performance of her agreement.

"Defendant says he continued to own and hold said premises in fee simple free from any encumbrance whatsoever, and with a good and sufficient warranty deed duly executed and ready for delivery to plaintiff, until the sixth day of April, 1898, when he sold the same to said Sterling Parks at and for the sum of $2,475 and no more."

Under this state of facts the plaintiff claims to be entitled to recover the $300.

It is urged that the plaintiff is entitled to recover because the agreement could not be enforced, and, therefore, the payment was made without consideration. There was this consideration, however, that the defendant had agreed to convey, and if he carried out that agreement it would be a sufficient consideration. No effort was made by plaintiff to have defendant carry out that agreement. She had no notice from him that he would claim the protection of Sec. 4199 Rev. Stat., but she refused on her part to accept any deed, to carry out the agreement. It is true that at the time this suit was brought he had put it beyond his power

to carry out the agreement, but many times before that she on her part had refused to carry out her agreement.

The case of Campbell v. Gittings, 19 Ohio 347, is in point here. It is true, that in that case there was no failure to comply with the statute of frauds, in the agreement, but the party seeking to recover the money back in that case insisted that without tender on plaintiff's part to complete the contract he was entitled to recover because the other party had not tendered the conveyance. The court held that was not a good defense.

In Browne, Statute of Frauds Sec. 122, we find this:

"The right in the vendee of land by verbal contract, to recover what money or other consideration he has paid, is clearly confined to those cases where the vendor has refused or become unable to carry out the contract, the plaintiff himself having faithfully performed or offered to perform on his part. This rule is sometimes said to rest upon the ground that the vendor, when sued in such an action, merely *defends* upon the verbal contract, and that this is not prohibited by the statute. As a general proposition, however, we shall hereafter see that a verbal contract within the statute cannot be enforced in any way, directly or indirectly, whether by action or in defense. And it does not seem necessary to impeach that proposition, in order to sustain the rule in question. In such cases of suit by the vendee to recover the consideration paid, it has been suggested that the contract is substantially executed on the part of the vendor, he being able and willing to perform everything which in conscience he was bound to perform, and the vendee never having put him in default by a demand for title. But another and better view, taken in a well-considered decision of the supreme court of New York, is that the right of the vendee in any case to recover what he has paid stands upon the ground that the vendor has received and holds it without consideration, so that a promise to pay it will be implied; but that if the vendor is able and willing to perform on his part, no such want or failure of consideration can be shown, and such promise is not implied."

The case spoken of as "the well-considered decision of the supreme court of New York" is the case of Abbott v. Draper, 4 Denio 51. The last clause of the syllabus reads:

"But independently of these objections, the suit could not be sustained without proof of a breach of the contract by the defendant; for although it was void by the statute of frauds it was not illegal; and the plaintiff could not recall what he had advanced so long as the defendant was willing to perform the agreement on his part."

An examination of the case shows a course of reasoning that com-

Gallagher v. Dettelbach.

mended itself to us in support of that proposition. To the same effect is Beach, Contracts Sec. 533, and cases there cited. Durham Land & Improvement Co. v. Guthrie, 116 N. C. 381 [21 S. E. Rep. 952]; Green v. Railway Co. 77 N. C. 95; Foust v. Shoffner, Phil. Eq. (N. C.) 242.

In the last-named case, a very considerable payment had been made by the vendee in cordwood for a tract of land which by verbal agreement he was to purchase from the vendor, and the vendor expressed a willingness to perform, and the vendee, failing to perform after twelve months, the vendor sold the property to another, put it out of his power to convey. The court held that the payment could not be recovered back.

In *this* case, the payment was made on October 23, 1897, and from that time forward until April 6, 1898, the defendant was ready, able and willing to perform, and had the deed ready. It is true, he did not tender the deed to plaintiff, but the plaintiff refused to accept any deed from him.

The judgment of the court of common pleas is affirmed.

---

## PRINCIPAL AND AGENT—CHARGE TO JURY.

[Hamilton (1st) Circuit Court, July, 1903.]

Swing, Marvin and Mooney, JJ.

(Judge Marvin of the Eighth and Judge Mooney of the Third Circuits sitting in place of Judges Giffen and Jelke.