## THE STATUTE OF FRAUDS AS APPLIED TO A VERBAL AGREEMENT TO SELL LAND.

[Circuit Court of Cuyahoga County.]

CATHERINE GALLAGHER v. SAMUEL E. DETTELBACH.

Decided, October 26, 1903.

*Statute of Frauds—Verbal Contract to Sell Land—Vendee Who Refuses to Accept Deed—Can Not Thereafter Maintain Suit to Recover Earnest Money—By Alleging Want of Consideration.*

The fact that a verbal agreement to sell land is void under the statute of frauds does not make i tillegal; and where the vendor has the deed ready, and is able to and repeatedly offers to convey, but is prevented from so doing by the refusal of the vendee to accept a deed, and six months later the vendor conveys the land to another, a suit can not thereafter be maintained by the vendee to recover the earnest money on the ground that it was paid without consideration.

MARVIN, J.; HALE, J., and WINCH., J., concur. ·

Error to the court of common pleas.

This is a proceeding in error to reverse a judgment of the court of common pleas of this county. The plaintiff here was plaintiff below.

The facts are these: On the 23d day of October, 1897, the plaintiff agreed with the defendant to purchase from him a certain lot of land in this city, a part of which was not at the time owned by the defendant, but he agreed that he would purchase this additional property, to-wit, three feet front on Euclid avenue, adjoining the lot which he then did own, and that the plaintiff should have the property from the defendant for $2,475. This agreement was not reduced to writing, but was wholly a verbal agreement.

The plaintiff paid to the defendant at the time the agreement was made the sum of $300. The defendant, immediately after the agreement was made, purchased the additional three feet of ground and notified the plaintiff that he had so purchased and that he was ready and willing to convey the property to her upon her paying the additional amount to be paid. The defendant continued to be the owner of the land until the 6th day of April, 1898, when he conveyed it to another party, for the same consideration. The deed by which he conveyed to another party, and which is in evidence, expresses the consideration for which he did convey it as $3,000. The only evidence in the case is the deed made by the defendant to the third party and the answer which the defendant made, the first answer in this case. That answer was withdrawn and another substituted, but the plaintiff introduced that answer and rested upon it. It follows that unless the facts contained in this answer entitle the plaintiff to recover, she is not entitled to recover. Suit is brought by the plaintiff to recover the $300 which she paid at the date of the agreement. This answer which, as has already been said, was introduced in evidence by plaintiff, after setting out that the defendant purchased the additional three feet of land, so that he became the owner of all he agreed to sell, says:

"Immediately thereafter defendant did purchase said three feet additional, and so notified plaintiff of said purchase and of his readiness to convey said forty-five feet of land [that being all he had agreed to convey, and included the three feet] to plaintiff according to the terms of said agreement, but plaintiff notwithstanding said notice utterly disregarded the same; within a few days thereafter defendant again notified said plaintiff personally that he had procured said property and was ready to make conveyance and complete the transaction, when plaintiff again refused and neglected to receive or accept said conveyance, or to perform her part of said agreement, and in like manner again on the 29th of November and on the 14th day of December, 1897, defendant notified plaintiff of his readiness to convey said premises and urged plaintiff to accept said conveyance and comply with her agreement, but plaintiff still refused to give the matter any attention whatsoever.

"Then on the 20th day of December defendant again notified said plaintiff in writing of his readiness and willingness to perform his agreement and make conveyance of said property, and that unless she complied with her agreement by the 27th day of De-

cember, 1897, defendant would claim said three hundred dollars ($300) as forfeited by reason of plaintiff's failure to perform, but plaintiff continued as before to utterly ignore such notice as well as the performance of her agreement.

"Defendant says he continued to own and hold said premises in fee simple, free from any encumbrance whatsoever, and with a good and sufficient warranty deed, duly executed and ready for delivery to plaintiff, until the 6th day of April, 1898, when he sold the same to said Sterling Parks at and for the sum of twenty-four hundred and seventy-five dollars ($2,475) and no more."

Under this state of facts the plaintiff claims to be entitled to recover the $300.

It is urged that the plaintiff is entitled to recover because the agreement could not be enforced, and, therefore, the payment was made without consideration. There was *this* consideration, however, that the defendant had agreed to convey, and if he carried out that agreement it would be a sufficient consideration. No effort was made by plaintiff to have defendant carry out that agreement. She had no notice from him that he would claim the protection of Section 4199, but she refused on her part to accept any deed, to carry out the agreement. It is true that at the time this suit was brought he had put it beyond his power to carry out the agreement, but many times before that she on her part had refused to carry out her agreement.

The case of *Campbell et al* v. *Gittings,* 19 Ohio Reports, 347, is in point here. It is true that in that case there was no failure to comply with the statute of frauds, in the agreement, but the party seeking to recover the money back in that case insisted that without tender on plaintiff's part to complete the contract, he was entitled to recover because the other party had not tendered the conveyance. The court held that was not a good defense.

In Browne on the Statute of Frauds, Section 122, we find this:

"The right in the vendee of land by verbal contract, to recover what money or other consideration he has paid, is clearly confined to those cases where the vendor has refused or become unable to carry out the contract, the plaintiff himself having faithfully performed or offered to perform on his part. This rule is sometimes said to rest upon the ground that the vendor, when sued in such an action, merely *defends* upon the verbal contract, and that this is not prohibited by the statute. As a general proposi-

tion, however, we shall hereafter see that a verbal contract within the statute can not be enforced in any way, directly or indirectly, whether by action or in defense. And it does not seem necessary to impeach that proposition in order to sustain the rule in question. In such cases of suit by the vendee to recover the consideration paid, it has been suggested that the contract is substantially executed on the part of the vendor, he being able and willing to perform every thing which in conscience he was bound to perform, and the vendee never having put him in default by a demand for title. But another and better view, taken in a well-considered decision of the Supreme Court of New York, is that the right of the vendee in any case to recover what he has paid stands upon the ground that the vendor has received and holds it without consideration, so that a promise to pay it will be implied; but that if the vendor is able and willing to perform on his part, no such want or failure of consideration can be shown, and such promise is not implied."

The case spoken of as "the well-considered decision of the Supreme Court of New York" is the case of *Abbott* v. *Draper*, 4 Denio, 51. The last clause of the syllabus reads:

"But independently of these objections, the suit could not be sustained without proof of a breach of the contract by the defendant; for although it was void by the statute of frauds it was not illegal; and the plaintiff could not recall what he had advanced so long as the defendant was willing to perform the agreement on his part."

An examination of the case shows a course of reasoning that commended itself to us in support of that proposition. To the same effect is Section 533 of Beach on Contracts, and cases there cited. *Durham Land & Improvement Co.* v. *Guthrie*, 116 N. C., 381; 21 S. E. Rep., 952; *Green* v. *N. C., etc., R. R.*, 77 N. C., 95; *Foust* v. *Shoffner*, Phil. Eq., 242.

In the last named case, a very considerable payment had been made by the vendee in cordwood for a tract of land which, by verbal agreement, he was to purchase from the vendor, and the vendor expressed a willingness to perform, and the vendee, failing to perform after twelve months, the vendor sold the property to another, put it out of his power to convey. The court held that the payment could not be recovered back.

In *this* case, the payment was made on the 23d day of October, 1897, and from that time forward until the 6th day of April, 1898,

the defendant was ready, able and willing to perform, and had the deed ready. It is true he did not tender the deed to plaintiff, but the plaintiff refused to accept any deed from him.

The judgment of the court of common pleas is affirmed.

*James F. Walsh,* for plaintiff in error.

*Carpenter, Young & Stocker,* for defendant in error.