C. J. GREEN v. THE NORTH CAROLINA RAILROAD COMPANY.

*Statute of Frauds--Parol Contract for the Sale of Land.*

The requirement of the statute of frauds that a contract for the sale of land shall be in writing, &c , applies only to "the party to be charged therewith;"

*Therefore,* where the plaintiff and defendant entered into a *parol* contract whereby the plaintiff agreed that defendant might cut from his land a certain quantity of wood, for which the defendant was to execute to plaintiff a deed for a certain tract of land ; *Held,* that the plaintiff could not recover in an action of assumpsit for the value of the wood taken by defendant, but was bound by the terms of the original contract, the defendant not seeking to avoid the same.

(*Mizell* v. *Burnett,* 4 Jones, 249; *Foust* v. *Shoffner,* Phil. Eq. 242, cited, distinguished and approved.)

CIVIL ACTION tried at January Special Term, 1877, of WAKE Superior Court, before *Schenck, J.*

This action was brought to recover the value of a certain ·number of cords of wood alleged to have been delivered to defendant company under a verbal contract, in which the plaintiff agreed that the defendant might cut off of his land, along and near the defendant's road as many cords of wood as the defendant had cut off of a certain tract of its own. The defendant agreed to take the wood and to convey to the plaintiff a tract of land in payment therefor. During the years of 1863-64, and before May, 1865, the defendant cut and hauled from the plaintiff's land about 2200 cords, and in the fall of 1866, about 200 cords more. The defendant promised to execute a deed upon the demand of plaintiff, but no deed had been executed at the time this action was commenced. After verdict and before judgment, however, the defendant filed in Court a deed conveying the land to the plaintiff in fee, and tendered a release to plaintiff from all further execution of the contract on his, plaintiff's part. The following facts were found by the jury upon the issues submitted :

*Findings of the jury;*

1. The defendant took 2200 cords of wood from the plaintiff's land in 1863-4 and up to May 1st, 1865.

2. The value of each cord was fifty cents.

3. The plaintiff has received no pay for the wood.

4. After May 1st, 1865, the defendant took 200 cords valued at fifty cents per cord.

5. The defendant verbally agreed to sell to plaintiff the land in payment of the wood and to give him a deed for the same.

6. The defendant neglected to execute the deed when demanded by plaintiff in 1872.

On this verdict the Court held that the plaintiff was entitled to recover the value of the wood and gave judgment

accordingly. Appeal by defendant. (See same case, 73 N. C. 524.)

*Messrs. Battle & Mordecai*, for plaintiff.
*Messrs. J. B. Batchelor* and *W. N. H. Smith*, for defendant.

PEARSON, C. J. The plaintiff claims the value of 2200 cords of wood, standing on the land, which he estimates at fifty cents per cord, making eleven hundred dollars, cut and carried away by the defendant, as upon a common count in assumpsit "*quantum valebat*."

The defendant admits the taking of the 2200 cords of wood and avers that it was done under a contract that the wood was to be paid for by the deed of defendant to plaintiff, for a certain other tract of land particularly described, and avers that it has always been " ready, able and willing " to make the deed upon a compliance by the plaintiff of his part of the agreement. To this the plaintiff makes replication as provided for by C. C. P. § 127.

The answer sets up a special contract, and it is settled that so long as it exists, neither party can resort to the common counts in assumpsit. The question then is, what had put an end to this contract at the time the action was commenced ? The defendant says he has received all or the greater part of the wood, and is ready to make a deed for the land if the plaintiff has complied with his part of the contract, and whenever the plaintiff executes the contract on his part he is ready to make the deed.

This alternative mode of pleading (which should never be allowed) made it necessary to leave the issue to a jury. There is no distinct issue presenting the point. The nearest to it is "issue V" by which it is found that the defendant did agree verbally to sell the land described in payment for the wood and to give him a deed therefor to which the jury respond "*yes by consent.*"

7

. The section (C. C. P. 127) relied on by plaintiff's counsel allows the plaintiff to be considered as putting in "a direct denial" or a replication by confession and avoidance "*as the case may require*" him. The case did not require a "direct denial" for the parol contract to pay for the wood by a tract of land is proved and in fact is admitted.

As to the matter in avoidance the plaintiff by way of replication says, "the contract being for land is void under the statute." That is true. The contract is void unless "signed by the party to be charged therewith." There is no attempt here to charge the plaintiff. He is the actor in the matter, and as the defendant agrees and offers to comply with the contract and does not seek to avoid it under the statute, the plaintiff cannot take shelter under it for the purpose of getting rid of the contract and holding the defendant liable for the value of the wood, as if there had been no agreement on his part to take the tract of land in full payment.

The parol contract was to exchange land for wood. The defendant admits the contract and is ready and willing to perform it. The plaintiff says he has performed his part of the contract and seeks to repudiate it and recover the value of the wood, as if there had been no contract by which he was to be paid in land and not in money, on the ground:

1. That so far as he is concerned, the contract being to sell land was void. Reply; the statute applies only to " the party to be charged therewith." See *Mizell* v. *Burnett*, 4 Jones, 249. So he cannot repudiate the contract, the defendant being willing to perform it.

2. That the defendant had delayed for an unreasonable time to execute the deed. There was delay on both sides, but there is no doubt of the truth of the averment in the answer that defendant was ready and willing to make the deed when the plaintiff complied with his part of the contract, which was supplemented by an agreement that plaintiff was

GREEN v. N. C. R. R. Co.

to cut and haul the balance of the wood that had not been received by defendant.

Without going into details, the merits of the case depend upon this; How has the plaintiff freed himself from the agreement to take the tract of land in payment for the wood ? *Denial* of the contract will not do, for the parol contract is proved and admitted. Plea of the statute of frauds will not do, for he is not " the party to be charged thereby." So the case is that of one who repudiates his contract, the validity of which is not disputed, and seeks to recover upon the common count. Unreasonable delay will not answer the plaintiff's purpose to get rid of the special contract, for he might at any time by complying with his part of the contract have compelled the defendant to comply with his part. So there is no ground on which the plaintiff can " cut loose " from the special contract and sue for the value of the cords of wood.

*Foust* v. *Shoffner*, Phil. Eq. 242, settles the question unless, as Mr. Battle contends, the adroit mode of pleading, by which no reference whatever is made to the verbal contract to take land in payment for the wood, can distinguish the cases. That contract is relied upon by the defendant and is still subsisting. His Honor ought to have ruled that the plaintiff was not entitled to recover upon the common count, *" quantum valebat,"* as it was held in *Foust* v. *Shoffner*, that he could not recover upon the common count for " money had and received," or on a bill in equity filed in its stead.

Error.

PER CURIAM.                              *Venire de novo.*