## D. F. WILKIE v. WOMBLE & JENKINS.

*Parol contract to convey land, when repudiated, vendee can get back what he has paid under it.*

1. Where a vendor elects to repudiate a parol contract to convey land, the vendee, under his general prayer for relief, is entitled to recover the amount he has paid under the contract.

2. Evidence of a parol transfer of the vendee's interest under the avoided contract was properly excluded; for in such case there is no equitable interest to transfer, and if there were, the assignment should be in writing.

(*Green* v. *Railroad,* 77 N. C., 95; *Davis* v. *Inscoe,* 84 N. C., 396; *Parker* v. *Allen, Ib.,* 466; *Love* v. *Neilson,* 1 Jones Eq., 339; *Whitfield* v. *Cates,* 6 Jones Eq., 136; *Murdock* v. *Anderson,* 4 Jones Eq., 77; *Ellis* v. *Ellis,* 1 Dev., 398; *Capps* v. *Holt,* 5 Jones Eq., 153; *McCracken* v. *McCracken,* 88 N. C., 272; *Beaman* v. *Simmons,* 76 N. C., 43, cited and approved).

CIVIL ACTION for specific performance of a contract, to convey land, tried at Fall Term, 1883, of CHATHAM Superior Court, before *MacRae, J.*

The defendant appealed.

*Mr. John Manning,* for plaintiff.
No counsel for defendants.

SMITH, C. J. The complaint is for the specific performance of a contract for the sale of land, of which most of the purchase money has been paid, and the answer, admitting the making of an unwritten contract, set up the statute of frauds in evidence. Thereupon the plaintiff, under his prayer for general relief, demands the return of the moneys paid, and was allowed to recover under the rulings of the court.

The defendant Jenkins is joined with the vendor, Womble, because the land has been conveyed to him by the latter, as alleged, with full knowledge of the prior right and equity of the plaintiff.

The answer also relies upon an alleged assignment by plaintiff,

of his interest in the premises to one J. H. Wilkie, against whom the defendant Jenkins has a claim for moneys paid as his surety, as a bar to the action by the plaintiff.

1. The agreement of Womble to convey when the price was paid, was void only at the *election of himself, and, if he chose to abide by it, though vesting in parol,* is the measure of the plaintiff's rights, and affords his only means of redress. He can only maintain an action in such case upon the agreement and according to its terms. *Green* v. *Railroad,* 77 N. C., 95; *Davis* v. *Inscoe,* 84 N. C., 396; *Parker* v. *Allen, Ib.,* 466.

As the plaintiff is obliged to proceed upon the contract, if the defendant assents to its performance, and must put the defendant to his election, the suit, in its present form, is obviously the proper one; and when the contract is repudiated he is remitted to his right to get back what he has paid under it. In the former practice, where such a bill was filed and such a defence set up, the plaintiff was allowed compensation for the value of his improvements in the same suit under his general prayer. *Love* v. *Neilson,* 1 Jones' Eq., 339.

"Although a plaintiff may fail as to the principal equity which he seeks to establish," is the remark of PEARSON, C. J., at the conclusion of the opinion in *Whitfield* v. *Cates,* 6 Jones' Eq., 136, he may fall back on a secondary equity, provided it is not inconsistent with the principal equity and the allegations in the bill are sufficient to sustain it."

In *Murdock* v. *Anderson,* 4 Jones' Eq., 77, the court refused to assume jurisdiction to decree payment of the money, because "the contract being void, the money can be recovered at law in an action for money had and received, and there is no peculiar equitable ingredient" in the case.

But if from peculiar circumstances the remedy at law would be inadequate, the court will interpose and give redress. *Ellis* v. *Ellis,* 1 Dev. Eq., 398.

And so also when the defendant is willing to come to an account upon the basis of the nullity of the contract. *Capps* v. *Holt,* 5 Jones' Eq., 153.

The united jurisdictions in law and equity and the administration of the rules appropriate to each in a single judicial tribunal now, admits of the full redress to which a suitor may be entitled in a single action as is suggested in the dissenting opinion in *McCracken* v. *McCracken*, 88 N. C., 272.

The obligation to restore what has been received results from the annulling of an executory agreement for the sale of land, and will be enforced against the party so avoiding it. *Beaman* v. *Simmons*, 76 N. C., 43.

2. The second exception to the refusal of the court to hear evidence of a parol transfer of the plantiff's interest in the land under an avoided contract, is untenable.

There is no equitable interest to transfer; and if there were, the assignment must be in writing to be effectual, and it is not suggested that the rights of the plaintiff under the contract generally have been assigned.

There is no error in excluding the evidence, nor in the other rulings of the court, and the judgment must be affirmed.

No error.           Affirmed.