\* ANDREW SYME, Administrator, v. W. W. SMITH, Administrator, et als.

### Parol Contract to Convey Land—Statute of Frauds.

1. A parol contract to convey land is not void, but only voidable, if the vendor chooses to plead the statute of frauds.

2. The plaintiff administrator alleged that under a parol contract to purchase certain lands, his intestate had paid a portion of the purchase money, and prayed judgment against the defendants for the amount so paid. The defendants, by their answer, admitted the contract substantially as set out in the complaint; *Held*, that the action must be dismissed.

(*Foust v. Shoffner*, Phil. Eq., 242, cited and approved).

CIVIL ACTION, tried before *Avery, Judge,* at February Term, 1884, of WAKE Superior Court.

There was judgment for the defendant, and the plaintiff appealed.

*Messrs. S. G. Ryan* and *A. M. Lewis & Son,* for the plaintiff.
*Messrs. Pace & Holding, D. G. Fowle* and *G. H. Snow,* for the defendant.

ASHE, J. The action was brought by the plaintiff as administrator of Freeman F. Green, deceased.

In his complaint, he alleged that his intestate, in 1876, by a parol contract, had purchased a parcel of land lying in the county of Wake, from the defendants A. W. Lawrence and A. H. Winston, now deceased, for which he was to pay them the sum of seven hundred and fifty dollars to be taken in work which was to be done in five years from the date of the agreement.

That his intestate, in fulfilment of his part of the contract had paid the defendant the sum of five hundred and ninety-six dollars, and had entered upon said land and had incurred heavy expenses in building houses and making other improvements on said land.

\* SMITH, C. J., did not sit on the hearing of this case.

That Lonny Winston, one of the defendants, is the only child and heir-at-law of the said A. H. Winston, and they prayed judgment for the sum paid upon the contract and the value of the improvements upon the land.

The defendants admitted the contract as set out in the complaint, except that they allege that the interest agreed to be paid was eight per cent., which was not stated in the complaint, but this was not denied by the plaintiff. And the defendants further stated in their answer that the purchase money had never been paid, and they are informed and believe that the estate of the said Freeman Green is insolvent, and that they are ready and willing to have the land, by decree of this court, conveyed to the heirs of the plaintiff's intestate upon the payment of the purchase money.

This action cannot be sustained. It is founded upon the presumption that the contract made by the plaintiff's intestate with the defendants for the land described in the complaint is void, and that he therefore has the right to recover the money advanced by his intestate and the value of the improvements put by him on the land. But the contract is not void unless the defendants shall refuse to comply with its terms and rely upon the statute of frauds, which they have not done, so far from that, they admit the contract, and say they are ready and willing to make title whenever the residue of the purchase money shall be paid, and *non constat* but the heirs of Green may wish to have a specific performance of the contract, which they have the right to assert, and if they should see proper to bring an action for that purpose, with a tender of the balance of the purchase money due, and the defendants should file such an answer as they have done in this case, the court would undoubtedly decree a specific performance.

The adjudication in the case of *Foust* v. *Shoffner*, Phillips Eq., 242, is decisive of this case. That was a case similar in every respect to this, except the action was then brought by the person to whom the land was contracted to be conveyed, and not by his

administrator. It was, as here, a verbal contract, and the contractor had been compelled by suit to pay the notes given as the consideration of the contract, and he filed a bill in equity to recover the money upon the ground the contract was *void*, and that therefore he could not ask the court for a specific performance of the contract.

The court dismissed the bill, and Pearson, C. J., speaking for the court, said " The plaintiff, in this case, seeks to avoid the contract for the defendants, instead of waiting to see whether they will take advantage of the statute of frauds; and the defendants, by their answers, aver a willingness to execute title and comply with their verbal undertaking in respect to the law. This fully meets any equity on the part of the plaintiffs." The action cannot be maintained, and is, therefore, dismissed.

Per curiam.                                    Action dismissed.