CAROLINE A. THIGPEN et al. v. H. L. STATON et al.

*Contract—Statute Frauds—Evidence.*

1. A parol contract for the sale of lands, or any interest therein, is good *inter partes*, and will be enforced if the party charged does not plead the statute of frauds; but where the plaintiff seeks to enforce such contracts, and the defendant denies its existence, or sets up another and different agreement, or specially relies on the statute, the contract will not be enforced.

2. J. conveyed to C. lands, reserving a life estate—both occupying the premises—and it was agreed between them, in parol, that C. should have the rents and profits in consideration that she would support J. for his life. In an action by C. against a stranger for a conversion of the rents : *Held*, that it was competent to show the agreement with J., and being proved, the courts would sustain it.

This was a CIVIL ACTION tried before *MacRae, J.*, at Spring Term, 1889, of EDGECOMBE Superior Court.

The plaintiff Caroline A. Thigpen alleged that she was owner in fee-simple, and in possession of, certain tracts of land described in the complaint, and of the crops growing thereon, and that defendant Bourne, at the instance and procurement of the other defendants, wrongfully seized said crops, to her damage, &c.

These allegations were denied in the answer. There were other causes of action stated in the complaint, and denied in the answer, which, for the purposes of this appeal, are not necessary to be stated.

Issues were agreed upon by the parties   Those arising upon the first cause of action, and submitted to the jury, were as follows:

1. Was the plaintiff Caroline A. Thigpen the owner and in the possession of the lands described in the complaint at the time and as set out therein, or of any part thereof? If a part, what part?

2. Was the plaintiff the owner of the crops growing upon said lands at said times, or any part thereof? If a part, what part?

3. Did the defendant Bourne, at the instance and procurement of the other defendants, wrongfully seize the crops then growing and remaining upon said lands and deprive said plaintiff of the use thereof, as alleged in the complaint?

4. What damage, if any, has plaintiff sustained by reason of such wrongful seizure?

The plaintiff offered in evidence to show title to the first tract of land described in the complaint, a deed from James Thigpen to herself for 100 acres, reserving to himself a life estate, dated October 8th, 1884.

She then introduced James Thigpen, who testified that he was the father of T. L. Thigpen—the husband of the *feme* plaintiff—and that he knew the land conveyed by him to the plaintiff C. A. Thigpen; that witness and plaintiff and her husband live together upon the said land. This witness testified further as to the seizure of the crops, &c., by the Deputy Sheriff, defendant Bourne being Sheriff of Edgecombe County at the time of said seizure. Witness testified that he reserved to himself a life estate in the 100-acre tract.

The plaintiff then proposed to prove by this witness a parol contract between himself and Caroline A. Thigpen, that he, witness, would surrender the rents and profits of that land—the 100 acres—to her, in consideration of which she was to take care of him, the witness, for his life.

Objection by the defendant. Objection sustained, and plaintiffs excepted.

The presiding Judge stated that if the proposition was to prove such a parol contract for three years, or for a less time, that it would be admissible. Plaintiff's counsel stated that they could not make proof to such effect.

The jury responded: To the first issue, "owner of 24-acre tract only;" the second issue, "owner of crops on 24-acre tract only;" the third issue, Yes, on 24-acre tract; No, as to others;" the fourth issue, "$500 damages."

The twenty-four acre tract was not a part of the land conveyed by James Thigpen to Caroline.

The plaintiff moved the Court for a new trial, because of error in the rejection of the testimony offered in respect of the contract with James Thigpen as to rents, &c. Motion refused, and plaintiff excepted and appealed. There was judgment for the plaintiff upon the verdict.

*John L. Bridgers*, for the plaintiff.
*Mr. Don. Gilliam*, for the defendant.

AVERY, J. (after stating the case). A verbal contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them, is good between the parties to it, and will be enforced, if they agree upon its terms, and the party to be charged does not plead the statute. *Green* v. *Railroad*, 77 N. C., 95. In controversies between them, the rule is, that where the plaintiff declares upon a verbal promise void under the statute of frauds, and the defendant either denies that he made the promise, or sets up another and different contract, or admits the promise and pleads specially the statute, the contract cannot be enforced. *Holler* v. *Richards*, 102 N. C., 545.

The agreement between James Thigpen and the *feme* plaintiff, C. A. Thigpen, that she should support him during his life, in consideration of receiving the rents of the one-hundred acre tract of land for the same period, is good *inter partes*. If it be conceded, that a stranger would be allowed to set up the plea, that such a contract is void, where the law casts the burden on the party, claiming the benefit of it,

to show a good title against such stranger, the admission would not affect this case.

The *feme* plaintiff holds the remainder, after the life estate of James Thigpen, by deed from him, and, with the agreement already stated, she lived upon the land with him and her husband T. L. Thigpen. She alleged in the second paragraph of the complaint, that she was the owner of the crops, not by virtue of the title set out in the first paragraph, but as an independent fact, and the allegation being denied, the Court properly submitted a distinct issue as to her right to the crops. It was competent to show the parol contract between plaintiff and James Thigpen, in order to establish her right to the growing crops. It was material, as evidence, that she entered on the land and was cultivating it under a license from James Thigpen, and was entitled to the growing crop on that tract. The fact that she entered under the authority of James Thigpen, was evidence tending to show she was his tenant. *Medlin* v. *Steele*, 75 N. C., 154.

She had not declared in the second paragraph of the complaint how she derived her title to the crop, but had simply claimed that she was owner, and had the present right to the possession, and this was a separate and distinct allegation, in no way connected with her claim of title to several tracts of land by virtue of deeds mentioned in the first paragraph. There was, therefore, no variance between the allegation and the evidence offered.

There was error in the refusal of his Honor to allow the witness to testify, as was proposed, for which a new trial will be granted.

                                                        Error.