JAMES H. LOUGHRAN v. CLAYTON GILES.

*Contract to Convey Land, Verbal and Written—Demurrer— Pleading—Statute of Frauds.*

1. A defendant cannot take advantage of the statute of frauds respecting a verbal contract to convey land by demurrer, because such contract is not void, but only voidable when the statute is pleaded, and by demurrer the defendant elects to treat it as still subsisting.

2. The reason of the statute was to get rid of the temptation to perjury, but this cannot arise where the facts are admitted by a demurrer.

3. A verbal contract to convey land is good between the parties when its terms are agreed upon, and the statute is not pleaded.

4. When there are several defendants, and the complaint sets up a good cause of action as to any one of them, a joint demurrer will be overruled ; but where several defendants are joined with the party to the verbal agreement, they cannot demur for this cause until the latter makes his election to ratify or repudiate the contract ; but he cannot make an election to the prejudice of persons whose rights have intervened.

This was a CIVIL ACTION for damages for the breach of a contract to convey land, heard upon complaint and demurrer by *Merrimon, J.*, at the December Term, 1891, of BUNCOMBE Superior Court. The demurrer was to the effect that the complaint failed to state a cause of action and was overruled, and defendant appealed. The complaint set up the following letter and telegram:

WILMINGTON, N. C., May 18th, 1891.

Mr. JAS. H. LOUGHRAN, ASHEVILLE, N. C.

DEAR SIR: I must beg your pardon for the delay in replying to your letter of the 8th inst. My bookkeeper has been sick; one of the clerks off on a bridal tour and one other clerk away on his summer vacation. My hands have been full. I will make you this proposition: $7,500 for the property; payments, $2,000 cash, $1,500 in two years, $1,000 in three years, $1,500 in four years, and $1,500 in five years; interest, eight per cent., payable semi-annually. The above amount is what I think the place is worth.

I have your check for $50 in full for rent to the 15th inst. I thank you.          Very truly,

CLAYTON GILES.

| | |
|---|---:|
| Cash | $2,000 |
| 2 yrs | 1,500 |
| 3 yrs | 1,000 |
| 4 yrs | 1,500 |
| 5 yrs | 1,500 |
| | $7,500 |

Will you kindly reply at your earliest opportunity.

And that plaintiff received the above letter, or contract, on the 21st day of May, 1891, and replied, accepting the

offer of defendant contained in said letter, by telegram, in words and figures, as follows:

MAY 21st, 1891.

To CLAYTON GILES, WILMINGTON, N. C.

I accept your proposition. Send deed and notes to D. C. Waddell as soon as possible.

JAMES H. LOUGHRAN.

The complaint further states that plaintiff was ready, willing and able to comply with the above agreement, and defendant refused after demand.

No counsel for plaintiff.
*Mr. G. V. Strong*, for defendant.

AVERY, J.: The plaintiff declares in terms upon both a verbal and a written contract, as it was competent for him to do. *Harris* v. *Sneeden*, 104 N. C., 369; *Knight* v. *Houghtalling*, 85 N. C, 17; *Dail* v. *Freeman*, 92 N. C., 351; *Johnson* v. *Finch*, 93 N. C., 205. A verbal contract is not absolutely void, but voidable at the option of the party "to be charged therewith," when an action is brought to enforce it. *Foust* v. *Shoffner*, Phil. Eq., 242; *Syme* v. *Smith*, 92 N. C., 338. If, in answer to the demand for its enforcement, he denies the alleged agreement, or sets up another and a different contract, or pleads specially the statute of frauds, the action cannot be maintained. *Holler* v. *Richards*, 102 N. C., 545; *Cox* v. *Ward*, 107 N. C., 507; *Browning* v. *Berry*, 107 N. C, 231. On the other hand, if he admits the allegation that he entered into it, and raises no question as to its validity, but is content to rest his defence upon other grounds entirely consistent with its existence and binding force, the Courts cannot *ex mero motu* annul an agreement which a party has already,

by his pleading, ratified, or may hereafter elect to affirm. *Syme* v. *Smith, supra.*

By filing the demurrer, the defendant has admitted that a contract was made, both verbally and in writing. The voidable contract must, from its very character, remain subject to affirmation or repudiation, till the party to be charged shall, by his language or conduct, manifest a positive purpose to pursue the one course or the other. Conceding, for the sake of argument merely, that there is not in the complaint a sufficient allegation of a written contract, still we must interpret its language as meaning that there was a verbal understanding between the parties, that the land mentioned in the complaint on which plaintiff's bar-room was located, should be conveyed by defendant to plaintiff upon the payment of the price mentioned. By setting up the statute in a demurrer the defendant seeks to get the benefit of it without specially pleading it, and without expressly denying that he entered verbally into the very agreement set forth in the complaint. The statute of frauds (said Justice RUFFIN in *McCracken* v. *McCracken,* 88 N. C., 276) was intended to "close the door upon temptations to commit perjury, and the assertion of feigned titles to property." The evil intended to be guarded against in the enactment of the statute, was the attempt to enforce pretended verbal agreements by resorting to perjury, and though it became necessary in attaining this end to put it in the power of a party to avoid, at his election, his own verbal promise to convey land, the statute was not construed as a declaration that all such contracts not in writing and signed by the party to be charged, were to be treated *ipso facto,* as null and void. *Wilkie* v. *Womble,* 90 N. C., 254; *Green* v. *Railroad,* 77 N. C., 95; *Davis* v. *Inscoe,* 84 N. C., 396.

"A verbal contract for the sale of land, tenements or hereditaments, or any interest in or concerning them (said the Court, in *Thigpen* v. *Staton,* 104 N. C., 40) is good between

the parties to it, and will be enforced, if they agree upon its terms, and *the party to be charged does not plead the statute.*" It is settled, as is said in *Baker* v. *Garris*, 108 N. C., 218, that the objection that the complaint does not state facts sufficient to constitute a cause of action, may be made by demurrer or *cra tenus*, and cannot be waived; but this rule is evidently intended to apply in cases where it appears upon the face of the complaint that plaintiff is not entitled to recover, no matter what defence may be set up, or whether any answer may be filed. Until the party to be charged manifests his election by pleading specially, it does not appear that he may not be willing to abide by the verbal promise. *Wilkie* v. *Womble, supra; Thigpen* v. *Staton, supra.* A demurrer cannot, from its nature, be the proper pleading by which to make and express the election to repudiate the contract. In *Conant* v. *Barnard*, 103 N. C., 315, it was held that where all of the defendants united in a demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action. the demurrer would be overruled if the complaint set forth a good cause of action as to any one of the defendants. In a case, in other respects, like that at bar, but where several defendants are joined with the party to be charged by the verbal agreement, it would follow that none of the others could venture to demur, on account of the nature of the contract, until he should make his election to ratify or repudiate it. *Davis* v. *Inscoe, supra.* A different rule prevails, however, where the complaint sets forth facts showing a repudiation of the verbal contract by the party to be charged, and the action is one to recover possession on the strength of the title so repudiated, because, when the fact that the contract relied upon to show title has been repudiated and has become thereby void instead of voidable, is admitted by the demurrer, it is at last but an admission that there is an incurable defect in the title set up by the plaintiff. In the case of *Young* v. *Young*, 81 N. C., 91, cited for

defendant, it appeared upon the face of the complaint that Seth Young, who had agreed, by parol, to convey the land in controversy to the father of the infant plaintiff, had subsequently, and before the action was brought, actually conveyed to one of the other defendants, Zephaniah Young, thus rendering it impossible for him, at his election, to ratify the original agreement, and thereby enable the plaintiff to make out his title and establish his right to the possession.

As it does not appear from the complaint that the defendant is not still able to perform the verbal agreement, we do not think that the Court should treat the demurrer as an election to repudiate the contract. In the absence of an allegation that the defendant had, before suit brought, placed himself in such condition that he could not perform the agreement, there is a failure to disclose all of the facts necessary to constitute a good defence, and even in States where the demurrer has been sustained in causes of this character, it was originally so held upon the ground that admitting the allegations of the complaint to be true, there would be no possibility of recovery upon them in any contingency. The earliest of the Massachusetts cases that we can find, in which such a demurrer was sustained (*Walker* v. *Locke*, 5 Cush., 90), was one where the defendant, by conveying the premises, as in *Young* v. *Young, supra,* had rendered it impossible to abide by his verbal promise, and where the fact that he had so aliened the land appeared upon the face of the bill. It is true that in some subsequent cases that Court sustained a demurrer where the same reason did not exist, and the rule was generally adopted in the courts of equity in this country, that a defendant might demur where it appeared affirmatively in the bill that the contract which the plaintiff was seeking to enforce was a verbal agreement to convey land. But no such doctrine was ever announced in North Carolina as obtaining in courts of equity, and we think that the rule which has been recognized here is much more just and rea-

sonable.   Until it appears affirmatively that the way is not open for the person to be charged to admit and submit to the parol agreement, there is a possibility of enforcing the contract.   The statute was enacted to prevent the enforcement of pretended contracts.   Where there is a real agreement, there is no sufficient reason why the party against whom the Court is asked to enforce it, should not be forced to a discovery of the truth or to rest his defence solely upon the statute.   We prefer to adhere to our own rulings.  Though, generally, we have followed the courts of equity in formulating rules of pleading under the new system, there are exceptions to the general rule.

In taking the view of the subject that we have announced, we must not be understood as holding that the plaintiff has not in fact sufficiently alleged that there was a contract in writing.   It might prove very interesting to discuss the question whether the telegraphic operator at Asheville was constituted the defendant's agent, as if he had been clerk at an auction sale, and whether the response in defendant's letter to that of plaintiff would make the letter admissible to show a description set forth in it.   The rule has been generally adopted in other Courts, that where the allegation is, that a defendant contracted to convey, it will be presumed that the allegation referred to a contract in writing.   We merely mention this question, however, to exclude an improper conclusion, and will forbear further discussion of it.   The judgment of the Court below is

Affirmed.