F. S. FAISON v. C. HARDY, Trustee, et al.

*Practice—Appeal—Parties in Interest.*

Where, in an action to restrain a trustee from selling lands under a trust deed to satisfy acknowledged liens until the plaintiff (who claims that the trustee held the land under a parol trust for him subject to the liens) can have his rights ascertained and for an accounting as to the amount due, parties whose only interest in the suit is the payment of the money secured by the trust deed cannot appeal from a judgment declaring the parol trust, in the equity of redemption, in favor of the plaintiff.

CIVIL ACTION, tried before *Boykin, J.*, and a jury, at August Term, 1895, of NORTHAMPTON Superior Court. The facts sufficiently appear in the opinion of Associate Justice AVERY. There was a verdict for plaintiff and from the judgment thereon the defendants, Hardy, trustee, and C. W. Grandy and heirs, appealed.

*Messrs. R. B. Peebles* and *McRae & Day*, for plaintiff.
*Messrs. Thos. N. Hill* and *B. S. Gay*, for defendants (appellants).

AVERY, J.: In 1876 the Farmers' Loan and Trust Company conveyed a tract of land to John W. Faison and he, in order to secure certain notes representing the purchase money for it, conveyed the same land to the defendant, Caldwell Hardy, as trustee. The notes so secured subsequently became the property of C. W. Grandy & Sons. The plaintiff, F. S. Faison, seeks in this action to set up a parol trust, arising out of an agreement on the part of John W. Faison to buy and hold the land for him and convey to him upon the payment of the notes. The action was brought to restrain the defendant trustee, Hardy, from selling at the instance of the defendants, Grandy & Sons,

until the question whether there was a parol trust could be determined, and for an account to ascertain the amount of the incumbrance still undischarged, after making the proper allowance for certain alleged usurious transactions on the part of Grandy & Sons.

It was held on the former hearing (114 N. C., 58) that the disputed question whether a parol trust was created for the benefit of the plaintiff " must first be determined by the trial of the issues before the necessity for the taking of an account can be ascertained," and suggested at the same time that an answer should be filed for the infant heirs-at-law of John W. Faison by their guardian B. B. Winborne. The guardian accordingly answered for the children, denying the equity of the plaintiff, but the widow of John W. Faison having testified to the truth of the allegation of the plaintiff in reference to the agreement which raised the trust, he, after a contest upon the issues below and joining in the exceptions, declined or failed to prosecute an appeal on behalf of the infants.   The jury found in response to an issue submitted among other facts, that it " was agreed between F. S. Faison (the plaintiff) and John W. Faison (the father of the infant defendants) at the time he bought the Urquhart and Round Pond plantations, that F. S. Faison was to pay the sum of $14,000 and interest thereon ; that when he did pay the same John W. Faison was to hold said land in trust for him and on demand to convey the same to F. S. Faison." The question whether there was a parol agreement not within the Statute of Frauds was primarily one between F. S. Faison and John W. Faison, or on his death between the plaintiff and his heirs-at-law. If Frank S. Faison had claimed that John W. Faison, during his life held the two plantations in trust for him by reason of a verbal agreement, clearly within the Statute of Frauds, and had instituted suit to have him declared a

trustee, the contract being not absolutely void but voidable at the option of the party to be charged (*Syme* v. *Smith*, 92 N. C., 338), John W. Faison might have answered admitting the alleged contract and no stranger could have complained that he did not see "fit to avail himself" of the privilege of pleading the statute.    *Tucker* v. *Markland*, 101 N. C., 422; *Thigpen* v. *Staton*, 104 N. C., 40.

In the same way, before any alleged default and prior to the attempt of the trustee to sell, the plaintiff might have brought an action against his brothers during his lifetime to enforce this trust, which it was incumbent on him to establish by strong proof, and if the defendant had admitted the allegations, now set up as to the trust, a judgment upon such admission would have been as conclusive on the defendant's heirs-at-law as if founded upon a verdict, and could not have been impeached by strangers to the suit.

The guardian of the infant defendants has held the plaintiff to strict proof of his equity, but, in view possibly of the testimony of their mother, has in the exercise of his discretion failed to prosecute an appeal from the judgment below.    The judgment, if the suit were between the plaintiff and the heirs-at-law only, would, without appeal and reversal, unquestionably be conclusive on them as to the agreement with F. S. Faison, and notwithstanding the presence of other parties, the same effect attends the decree in this case.    The question which confronts us then is whether the appellants, Grandy & Sons and the trustee Hardy, being strangers to the original agreement, have shown such an interest in the establishment of the trust as will give them a standing in the court to assign as error the exceptions to the rulings in relation to it.

It it admitted that the Farmers' Loan & Trust Company assigned the $10,000, which was secured by the mortgage executed by John W. Faison to Mrs. Ann D. Grandy,

executrix of C. W. Grandy, deceased, and Wm. Seldon, three-fourths to the former and one-fourth to the latter, and that the two subsequently transferred it to the firm of Grandy & Sons as now constituted, who are entitled to receive whatever portion of the amount is still unpaid. It is not denied also that Grandy & Sons have a mortgage lien by virtue of the mortgage from John W. Faison for any balance due on two drafts amounting in the aggregate to $4,400. There is no controversy between plaintiffs and defendants as to the amounts or dates of notes secured by mortgage, and which to the extent that they remain unpaid constitute liens, which must be discharged before F. S. Faison could demand a conveyance of the land or a portion of the proceeds in case of a sale for foreclosure.

The order enjoining the sale was affirmed by this Court (114 N. C., 58) in order to await the finding upon the question of the parol trust and in the event that after answer filed by the infant heirs it should be found and adjudged that there was a parol agreement as alleged, for the further purpose of having an account taken. If Grandy & Sons are to receive only whatever sum has not been paid on the secured note and drafts either of Frank S. Faison and John W. Faison, it is not material so far as the rights of Grandy & Son are affected, which of the two was principal and which agent, or whether Frank was agent or *cestui que trust* in the transactions with them, nor have they any interest, in contemplation of a court of equity, in the question whether Frank or the heirs of John W. own the equity of redemption, or have the right to the residue of the proceeds of sale after satisfying in full whatever remains due them.

One of the issues, not answered by consent and in relation to which testimony was admitted and excepted to, was the ninth, involving the inquiry whether the parol

118—10

agreement was made, and in which for reasons already given the appellants have no interest. The only other issues, which gave rise to any controversy before the jury, were those involving the inquiry whether The Farmer's and Mechanic's Loan and Trust Company agreed to reconvey the Urquhart place, whether Grandy had notice of the parol agreement at the time of purchasing the several secured notes and drafts, whether F. S. Faison had retained possession of the land and whether the agreement was made upon a valuable consideration.

The retention of posession was an evidential fact bearing upon the making of the parol agreement, as was the question whether it was made upon a valuable consideration. *Cobb* v. *Edwards*, 117 N. C., 244. If the appellants had no interest in the defeat or establishment of the trust the findings upon those issues are as immaterial to them as that in response to the ninth.

The Farmer's & Mechanic's Loan and Trust Company claim no present interest in the land, and Grandy & Sons have shown only a lien to secure the unpaid balance, which both F. S. Faison and the heirs of John W. Faison admit constitute a lien to be satisfied before the owner of the equity of redemption, whoever may be entitled to it, can claim the land or any portion of the fund arising from the sale. The appellants have failed to show any error which materially affects their rights

On the former appeal it was held that whenever the jury should find that the parol agreement was entered into an account must be ordered to shew what amount of the indebtedness constituting a lien upon the land was still due. It being admitted that there were complicated accounts and unadjusted dealings, such transactions cannot be satisfactorily or justly settled without taking an account. *Pritchard* v. *Sanderson*, 84 N. C., 299; *Cape-*

*hart* v. *Biggs*, 77 N. C., 261. The account was, upon the rendition of the verdict, accordingly ordered, and neither in the judgment nor in the rulings upon evidence was there any error of which the appellants had reason to complain. As the appellants have failed to show any right on their part to have the ruling complained of reviewed here, the appeal must be dismissed.

Dismissed.