### W. L. HENRY ET AL. *v.* W. L. HILLIARD ET AL.

(Filed 31 May, 1911.)

1. **Deeds and Conveyances—Lands—Parol Contract of Sale—Statute of Frauds—Pleadings.**

A vendee, under a parol contract in regard to land, after the payment of the purchase price, can compel the execution of the deed to him, when the statute of frauds is not pleaded, the contract is not denied, and there is no objection to the evidence in his suit for its execution.

2. **Same—Consideration—Services of Surveyor.**

It appeared upon supporting evidence in the report of a referee appointed by the court, that an executor in the valid exercise of a power contained in the will of deceased respecting his lands, had employed a surveyor for the lands under a parol agreement that he should have certain designated lots thereof for the services thus to be rendered, and that the services so agreed upon were actually rendered by the surveyor. The statute of frauds was neither relied on nor pleaded by any of the parties, nor was any objection taken to the evidence tending to establish the parol sale of the lands. *Held*, the surveyor was entitled to have a deed made to the lands under his parol agreement with the administrator, since deceased, and a decree made appointing a commissioner to execute the deed.

APPEAL from *Cline, J.,* at the January Term, 1911, of HAYWOOD.

This is an action instituted a number of years ago by certain of the heirs of James R. Love, deceased, against W. L. Hilliard, the then sole surviving executor of the last will and testament of said Love, by which will certain lands of the said Love, of which the land in question is a part, were devised to his executors to be sold and the proceeds divided among his heirs at law.

Some time after the institution of the action, Hilliard died, whereupon all the heirs at law of the said Love were made parties, and R. D. Gilmer was appointed by the court trustee, with all the power and authority of an executor under the will.

During his executorship, W. L. Hilliard employed the appellant, W. W. Stringfield, as a surveyor, for the purpose of locating and surveying the lands belonging to the estate, and agreed with the said Stringfield that he, the said Hilliard, would sell and convey to him the two tracts of land, mentioned in the petition of Stringfield, at the price of $11.25 per acre, the purchase price to be paid by Stringfield by services as surveyor.

The land referred to in this agreement was immediately surveyed and Stringfield entered into possession and has been in possession thereof for twenty years.

After the death of Hilliard, Gilmer, trustee, recognized the claim of Stringfield, and continued to employ him as surveyor.

At Fall Term, 1907, of the Superior Court for Haywood County, Mrs. M. E. Hilliard, one of the heirs at law of James R. Love, deceased, moved in the cause to require R. D. Gilmer, trustee, to account; and at the same time appellant, W. W. Stringfield, filed his petition, set out in the record, alleging his contract with Hilliard for the land in question, and that the purchase money had been paid in full, and praying that the court direct the trustee to execute to him a deed for the land.

To this petition no answer was filed by any of the parties, and the whole matter, including the Stringfield claim, was referred by consent.

It was admitted that the said Hilliard had authority to make said contract with said Stringfield, and that the whole of

the purchase price for the land had been paid. The original and supplemental report of the referee and the exceptions thereto are as follows:

"The report of the undersigned referee would respectfully show that pursuant to the order of reference made at the Fall Term, 1907, of this court, a copy of which is hereto attached, I designated the 23d day of May, 1908, at 1 o'clock P. M., as the time when the hearing the matters referred to me would begin at the courthouse at Waynesville, N. C., and gave notice by mail to the parties as I was advised and as shown by the first page of the evidence.

"The various hearings were had and the adjournments taken as therein noted.

### CLAIM OF W. W. STRINGFIELD.

"The referee finds as facts:

"1. That W. W. Stringfield began to act as agent for Dr. Hilliard, former trustee, in 1893 or 1894, and continued after the appointment of R. D. Gilmer as trustee in 1891. That he also acted as surveyor whenever needed and performed various services in and about the Love lands in both of said capacities.

"2. That during the lifetime of W. L. Hilliard, former trustee, the said Stringfield made a verbal contract for the purchase of the two lots of land known as exceptions Nos. 70 and 71, in the deed from R. D. Gilmer, trustee, to S. A. Jones, of the boundaries therein given, and that the contract of purchase was never reduced to writing.

"That the heirs at law and the trustee have recognized the said Stringfield's claim to the said parcels of land, and that he has been in possession of the same for at least twenty years, and that the same were excepted from the deed to S. A. Jones by reason of and because of the said Stringfield's claim thereto.

"That on the 26th day of August, 1908, counsel for Mrs. M. E. Hilliard sent to the referee a paper-writing, which is marked Exhibit No. 203, in which it was stated as follows: 'Mrs. Hilliard will not oppose a report to the effect that Stringfield is the owner of the land excepted in the Jones deed as sold to Stringfield; rather, she will consent to such a decree.' And on

the same day, R. G. A. Love and Maggie L. Marshall, by her attorney in fact, handed to the referee a paper-writing in the following words and figures:

"'We hereby give our consent for Maj. W. W. Stringfield to be allowed his amount in full as filed with you, and find as a fact W. W. Stringfield is entitled to the deed for 70 and 71 exceptions in the deed from R. D. Gilmer, trustee, to S. A. Jones for lands in Jackson County.'

"This is also marked Exhibit No. 203.

"And I concluded as a matter of law that W. W. Stringfield is not entitled to a deed for the exceptions 70 and 71 in the Jones deed, the contract of purchase thereof not having been in writing, and the former trustee with whom said contract is claimed to have been made being dead; but in good conscience and equity, the said Stringfield is entitled to a judgment for $1,150.93, to be paid out of the funds now on hand.

"Your referee herewith sends all the evidence taken by and before him and the papers filed with him, and respectfully reports to the court that his actual expenses have been paid, except the sum of $7 for the past two trips he made to Waynesville, and that $100 has been paid to him as a part of his allowance." Signed in triplicate. Filed 4 October, 1910.

SUPPLEMENTAL REPORT.

"The referee desires to submit the following supplemental report, as to the claim of W. W. Stringfield, to that heretofore filed by him in the case, deeming it advisable to do so, because additional facts may be necessary, and that in his conclusions of law that he finds an error has been made, as follows:

"Add to findings of facts No. 2 the words, 'and fully paid for the same at the dates shown in Exhibit No. 2, in the amounts herein given.'

"I desire to strike out the conclusions of law submitted and substitute in lieu thereof the following:

"I conclude as a matter of law that said W. W. Stringfield is not entitled to a deed for the exceptions 70 and 71, the contract of purchase therefor not being in writing, and the former trustee, with whom said contract is alleged to have been

made, being dead; but that in good conscience and equity he must be paid the sums shown to have been paid by him for said exceptions, with interest from the date on which they were paid; unless by agreement the heirs convey said exceptions to him.

"That said W. W. Stringfield is entitled to a judgment for $1,150.93, balance of account.

"This the 4th day of October, 1910."

Filed 4 October, 1910.

EXCEPTIONS OF W. W. STRINGFIELD TO THE REPORT AND THE SUPPLEMENTAL REPORT OF REFEREE.

"That whereas the said referee found as a fact that there was a verbal contract made between W. L. Hilliard, one of the executors and trustees of the said Love estate, who had power to make said contract with W. W. Stringfield, whereby W. L. Hilliard, former trustee, sold to said W. W. Stringfield the said lands known as exceptions Nos. 70 and 71 in the deed from R. D. Gilmer, trustee, to S. A. Jones; and whereas the said referee found as a fact that the said land was fully paid for by the said W. W. Stringfield, who has been in possession for more than 20 years; and whereas the said referee in his said reports found as a fact that the heirs at law and those who are interested therein recognize the right and claim of the said Stringfield to have a deed to said land, and filed no plea of objection to his said claim and petition for title deed to said land in the hearing of this cause or at any other time; all which facts the said petitioner, W. W. Stringfield, admits to be true.

"That the said referee in his said reports erred in his conclusions of law upon the above found facts whereby he concluded as a matter of law that the said Stringfield was not entitled to a deed for said land because it was a verbal contract made with W. L. Hilliard, former trustee, who is dead. The said referee should have found as a conclusion of law that the said W. W. Stringfield was entitled to a deed to the said exceptions Nos. 70 and 71 in the deed from R. D. Gilmer, trustee, to said S. A. Jones.

"Wherefore, the said W. W. Stringfield prays the court to correct and modify said report and to issue a decree appointing a commissioner to execute a deed to the said Stringfield for the said land.　　　　　　　W. J. HANNAH,
　　　　　"Attorney for said W. W. Stringfield."

A judgment was rendered overruling the exceptions to the report, and holding that the said Stringfield was not entitled to a conveyance of the land, but that he could recover the purchase money paid by him, from which judgment this appeal is taken.

No pleading was filed relying on the statute of frauds, or denying the contract, and no objection to evidence was entered except by Mrs. Hilliard, and this has been withdrawn.

W. T. Crawford for plaintiff.
Adams & Adams for defendant.

ALLEN, J., after stating the case. A single question is presented by this appeal, and that is, Can the vendee, under a parol contract in regard to land, after payment of the purchase price, compel the execution of a deed to him, when the statute of frauds is not pleaded, the contract is not denied, and there is no objection to the evidence? The authorities seem to be uniform that the vendee is entitled to a conveyance under such circumstances.

In Cyc., vol. 20, page 312, note 4, the decisions of the highest courts of sixteen States are cited in support of the text, that, "If he (the vendor) admits the making of the contract, and fails to claim the benefit of the statute, or to demur, he will be taken to have waived it."

Browne on Stat. Frauds, sec. 135, says: "As the statute of frauds affects only the remedy upon the contract, giving the party sought to be charged upon it a defense to an action for that purpose, if the requirements of the statute be not fulfilled, it is obvious that he may waive such protection, or rather, that, except as he undertakes to avail himself of such protection, the contract is perfectly good against him."

Also, Story Eq. Pl., sec. 763 : "It seems now understood that this plea extends to the discovery of the parol agreement, as well as to the performance of it; although it has been said that the defendant is compellable by answer, or by plea, to admit or to deny the parol agreement, stated in the bill. But this seems utterly nugatory, for it is now well settled that if the defendant should, by his answer, admit the parol agreement, and should insist upon the benefit of the statute, he will be fully entitled to it, notwithstanding such admission. But if he admits the parol agreement, without insisting on the statute, the court will decree a specific performance, upon the ground that the defendant has thereby renounced the benefit of the statute."

The decisions of this Court announce the same doctrine.

In *Loughran v. Giles,* 110 N. C., 426, the Court says: "The statute of frauds (said *Justice Ruffin* in *McRacken v. McRacken,* 88 N. C., 276) was intended to 'close the door upon temptations to commit perjury and the assertion of feigned titles to property.' The evil intended to be guarded against in the enactment of the statute was the attempt to enforce pretended verbal agreements by resorting to perjury, and though it became necessary in attaining this end to put it in the power of a party to avoid, at his election, his own verbal promise to convey land, the statute was not construed as a declaration that all such contracts not in writing and signed by the party to be charged were to be treated, *ipso facto,* as null and void. *Wilkie v. Womble,* 90 N. C., 254; *Green v. R. R.,* 77 N. C., 95; *Davis v. Inscoe,* 84 N. C., 396.

" 'A verbal contract for the sale of land, tenements, or hereditaments, or any interest in or concerning them (said the Court in *Thigpen v. Staton,* 104 N. C., 40), is good between the parties to it, and will be enforced if they agree upon its terms, and *the party to be charged does not plead the statute.' "

The cases of *Syme v. Smith,* 92 N. C., 338; *Thigpen v. Staton,* 104 N. C., 40, and *Hall v. Lewis,* 118 N. C., 510, are to the same effect. The rule does not, however, apply except when there is no denial of the contract, and the statute is not pleaded.

The party to be charged may simply deny the contract alleged, or deny it and set up a different contract, and avail himself of the statute, without pleading it, by objecting to the evidence; or he may admit the contract and plead the statute; and in either case the contract cannot be enforced. *Browning v. Berry,* 107 N. C., 235; *Jordan v. Furnace Co.,* 126 N. C., 147; *Winders v. Hill,* 144 N. C., 617.

We are of the opinion there was error in the ruling of the court on the record, as it is presented to us, and that the appellant is entitled to a conveyance as prayed.

Reversed.