SAMMAX INVESTMENT COMPANY v. M. K. ZINDEL AND ZINDEL BAKING COMPANY.

(Filed 18 December, 1929.)

**Frauds, Statute of, B a—A lease for three years to take effect in the future comes within the provisions of the Statute.**

> Where the owner of land agrees to erect a certain kind of building thereon for a proposed lessee, and makes a parol lease for the rental of the property for three years to take effect upon the completion of the building: *Held,* the lease for three years to take effect in the future comes within the provisions of the Statute of Frauds, and where in an action thereon the lessee denies the contract of lease and pleads the statute, he may not be held liable unless it was executed in writing, or some memorandum thereof made and signed by the party to be charged therewith or by some other person by him duly authorized.

APPEAL by defendants from *Johnson, Special Judge,* at June Special Term, 1929, of BUNCOMBE.

Civil action to recover damages for an alleged breach of a rental contract.

Plaintiff alleges that on 15 April, 1928, the defendants verbally agreed to lease a bakery and baking shop, to be built by the plaintiff at Black Mountain, N. C., said lease to be "for a term of three years, at a monthly rental of $100, payable in advance, the defendants agreeing to take possession of said building upon its completion"; that though completed and possession tendered 1 July, 1928, the defendants failed to take possession of said premises; and that rent has accrued since said completion and tender, none of which has been paid; wherefore plaintiff brings this action 5 September, 1928, to recover rent for three months, July, August and September, 1928, and demands in addition thereto damages for the breach of said rental contract.

The defendants denied that any contract or lease of any nature whatsoever existed between the parties; and, upon the issues thus joined, there was a verdict and judgment for the plaintiff, from which the defendants appeal, assigning errors.

*Weaver & Patla for plaintiff.*
*J. L. Deadwyler for defendants.*

STACY, C. J. The lease of the building resting, as it does, in parol and being for a term of three years, to commence in the future, and not from the making of the contract, is void under our statute of frauds. *Mauney v. Norvell,* 179 N. C., 628, 103 S. E., 372.

It is provided by C. S., 988, that all leases and contracts for leasing lands "exceeding in duration three years from the making thereof," shall be void, unless said leases or contracts, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized. Thus it would seem that a parol lease of lands for the full term of three years, to take effect in the future, and not from the making of the contract, necessarily falls within the purview of the statute, or else such a lease would be valid no matter at what time in the future it took effect, and if one such lease could be made, a succession of them might be made, and the protection of the statute would thus be lost, so far as purchasers and others are concerned. This was the holding in *Mauney's case, supra.*

The defendants having denied the lease as alleged, or that any contract whatsoever existed between the parties, were entitled to the benefit of the statute, and it was error to deny them this right. *Henry v. Hilliard,* 155 N. C., 372, 71 S. E., 439.

New trial.