EDWARD N. WRIGHT v. GEORGE M. ALLRED.

(Filed 27 February, 1946.)

**Frauds, Statute of, § 11—**

> A verbal agreement to lease real property for one year with privilege of renewal thereafter for four successive years comes within the statute of frauds, G. S., 22-2, since the lease and the provision for renewals constitute but a single contract, and the full term is absolute as to the lessor.

APPEAL by defendant from *Warlick, J.,* at November Term, 1945, of BUNCOMBE. No error.

This was a summary ejectment proceeding for the possession of a store building in Black Mountain.

Plaintiff's evidence tended to show that defendant's occupancy was under a rental from month to month since January, 1944; that in July, 1945, pursuant to defendant's request for a written lease, plaintiff drew up a tentative form of lease, but this was not signed by plaintiff, nor

agreed to; that due notice to vacate was thereafter given defendant, but he continued to hold over. Defendant offered to testify that the plaintiff had orally agreed in April, 1945, to lease him the building for a year with privilege of renewal from year to year for four successive years. The statute of frauds was pleaded. The court sustained objection to this testimony, and defendant excepted.

There was verdict for plaintiff, and from judgment in accord therewith, defendant appealed.

*Eugene Taylor for plaintiff, appellee.*
*Claude L. Love for defendant, appellant.*

DEVIN, J. The question for decision, presented by this appeal, is the correctness of the ruling of the trial court that a verbal agreement to lease real property for one year with privilege of renewal thereafter for four successive years was within the statute of frauds, and that parol evidence to establish it was incompetent.

The North Carolina statute of frauds, G. S., 22-2, declares that leases and contracts for leasing land exceeding in duration three years from the making thereof shall be void unless the contract or some memorandum thereof be put in writing and signed by the party to be charged therewith. Uniformly it has been held in this jurisdiction that when the statute is specifically pleaded, testimony of such a contract or promise resting entirely in parol is incompetent and should be excluded on objection. *Jordan v. Furnace Co.,* 126 N. C., 143, 35 S. E., 247; *Henry v. Hilliard,* 155 N. C., 372, 71 S. E., 439; *Investment Co. v. Zindel,* 198 N. C., 109, 150 S. E., 704.

The exact question here presented does not seem to have been heretofore decided by this Court, but we think upon a proper interpretation of the language and manifest intent of the statute, fortified by the weight of judicial opinion in other jurisdictions, the ruling below should be upheld.

Oral leases of land exceeding in duration three years from the making are rendered unenforceable by virtue of the statute. Here the defense sought to be interposed was based upon an alleged agreement to lease which contemplated a maximum duration of five years. True, its extension beyond one year would depend upon action by the defendant lessee, but so far as the lessor is concerned, if he made such an agreement he would have been in the position of having contracted away the possession of the premises for five years. On the part of the landlord the contract is absolute. He cannot recall it for a less period than five years. He is bound for the maximum duration notwithstanding the lessee may not presently avail himself of the privilege. Under the law the purchaser of

real property takes with notice that the premises may be under parol lease for a term not exceeding three years. Beyond that period he is protected by the provision that the lease must have been in writing. If a lessor can make a valid lease by parol for a longer period by means of provisions for renewal the statute would afford the purchaser no protection. *Investment Co. v. Zindel, supra.* The lease, together with the provision for annual renewals of the lease, is but a single contract. The agreement for renewal is a part of and inseparable from the lease 'for the original term, and the holding for the extended term would be under the original oral lease. 37 C. J. S., 605; *Hand v. Osgood,* 107 Mich., 55. Hence the contract may not be divided so as to validate it for the initial period and disregard the other portion of the contract since the lessor has contracted for the entire period, including renewals of which the lessee may avail himself, and the promise for renewal is an integral part of the contract, constituting consideration for the lease.

This seems to be in accord with the weight of judicial opinion in other jurisdictions. "An oral lease for the full period allowed by statute with privilege of renewal for a longer time is invalid." 27 C. J., 213. "It has been held that an oral agreement to lease land for one year with privilege of extension to 3 years is within the statute prohibiting leases for more than one year, since it is apparent the agreement is for a lease for three years." 49 Am. Jur., 522. In 37 Corpus Juris Secundum, 603, the general rule is stated as follows: "A lease is within the statute of frauds where it accords a privilege or option, or makes provision, for a renewal or extension and the period for which the renewal or extension is authorized by the lease, or that period added to the original term, exceeds the period for which, under the statute, a parol lease may be made."

In *Hull v. Brown,* 225 S. W., 780 (Texas Civil Appeals), plaintiff alleged a lease from month to month and notice to quit. The lessee claimed under an oral lease for one year with option for another year. The Court held the oral agreement under which lessee claimed, if made, was unenforceable because in violation of the statute of frauds (one year in Texas). It was said that the provision for the extension of the term of the lease at the option of the lessee was treated by the Court "as a present demise for the full term to which it may be extended and not a demise for the shorter period with privilege for a new lease for the extended term," and that lessee holding over after notice held under the original lease and not under the notice. It was held that the agreement claimed by lessee under which he sought to hold was made at the time of the original contract "and the whole period being for more than one year was obnoxious to the statute of frauds, and furnished no legal right for holding over."

In *Glavin v. Simons,* 128 Conn., 616, an oral agreement to lease prem-
ises for more than one year being void, it was held that provision for
renewal of the lease for an additional year was within the statute, though
in that case on the ground of constructive fraud the lessor was held
estopped to set up the defense of the statute. In *Cooper v. Aiello,* 93
N. J. Law, 336, a verbal agreement to lease for one year with an option
of two years additional was declared "unenforceable, as being against
the statute of frauds." In *Rosen v. Rose,* 34 N. Y. Sup., 467, where
there was an oral agreement to execute a lease for one year with privi-
lege of two years more, the Court said: "Such a contract relates to the
leasing of land for more than one year, and, to be valid, must be in
writing, subscribed by the party to be charged."

In *McGlaris v. Claude Neon Federal Co.,* 101 Ind. App., 156, 198
N. E., 462, it was said: "In the case of *Ramer v. State* (1920), 190
Ind., 124, 128 N. E., 40, the Court construed an oral lease for one year
with an option to renew from year to year for a period not to exceed
15 years, and held it void under the statute of frauds in the following
language: 'It is obvious that the verbal agreement for a lease, with
privilege of renewal for 15 years, was void.'"

In *Skinner v. Davis,* 104 Kansas, 467, the headnote recites: "An oral
lease for one year with privilege of five years, is void under the statute
of frauds." The defendant in that case obtained an oral lease for one
year, with privilege of five. The trial court refused to submit this
defense to the jury, and the Supreme Court affirmed, citing *Willey v.
Goulding,* 99 Kan., 323.

In *Hand v. Osgood,* 107 Mich., 55, the headnote correctly epitomizes
the holding as follows: "A parol agreement to lease land for one year,
with privilege of 3, at an annual rental, is void under the statute of
frauds, and, if wholly executory, no action can be founded thereon."
Said the Court: "It is within the mischief which the statute is designed
to prevent. The contract contemplated a lease for 3 years, and, so far
as the defendant (lessor) is concerned, it is absolute."

In *Wilson v. Adath Israel Char. & Ed. Asso'n.,* 262 Ky., 55, the orig-
inal lease, which was in writing, was for one year, with privilege of two
years additional. Lessee claimed a subsequent parol modification
whereby he was to occupy the premises for 3 years, under certain condi-
tions. The Court said: "Some question is made as to whether the orig-
inal contract falls within the statute (of frauds), but the question is
immaterial except in so far as it may relate to the validity of subsequent
modification since it is in writing. Unquestionably such a lease contract
comes within the quoted provision of the statute (one year) and is
invalid unless in writing, because it involves a lease of real estate for

longer than one year." The modification by parol was held within the statute. See also *Warsman v. Cohen,* 157 Minn., 161.

In *Anderson v. Frye & Bruhn,* 69 Wash., 89, the Court considered an unacknowledged lease for one year with privilege of two years renewal. Under the statute there leases for more than one year must be in writing and acknowledged by the lessor. It was held in this case that the lease was within the statute. It was said that argument *contra* could only be maintained successfully on the theory that there was evidenced two separate contracts, one a lease for a year and the other an agreement for giving a new lease at the end of the year, the validity of each to be determined without reference to the other. This the Court said was untenable; that the contract of rental manifestly evidenced a single transaction, a single contract, each of its parts being related to all other parts. "We cannot say the appellant would have agreed to take the premises for one year and assume obligation to pay rent therefor during that term without the agreement on the part of the respondent for renewal. . . . Each of the covenants agreed to be performed by one party formed a part of the inducement for the other party's entering into the contract. This being a single contract, the agreement for renewal is inseparable from the lease for one year."

In *Thomas v. Nelson,* 69 N. Y., 118, decided in 1877, the landlord sued for rent. The lease was made for seven years, but the signed memorandum was ruled insufficient. The lower court ruled that the lease though invalid for seven years was valid for one year, and to this ruling there was no exception, and the point was not raised. However, the Court of Appeals said: "The statute declares that a parol contract for leasing land for a longer period than one year shall be void. While such a contract is void, yet, if the tenant enters under it and occupies, he may be compelled to pay for the use and occupation of the premises (citing cases). But it is difficult to perceive how such a contract, declared to be void by the statute, can be held valid for a single hour, or upon what principle a tenant, entering under a void lease, could be compelled, by virtue of the lease, to pay for a longer period than he actually occupied." In commenting on this case in Lewis on Law of Leases it is said: "It seems that a parol lease, void under the statute of frauds because for a longer period than one year, is not valid for that period."

In *McDowell v. Baking Co.,* 179 A., 866, the Pennsylvania Court considered a parol lease for one year "with privilege of extending the lease four more years." The appeal was from a ruling that the letting was invalid under the statute of frauds. The Court said: "If the appellant's contention is correct—that the lease, in effect, called for a term of one year with the privilege of extending the lease for a further term of four

years—then we think the court below was right . . . for the lease for four years required parol evidence to establish, and was therefore in conflict with the statute of frauds." From *Rudder v. Trice,* 236 Ala., 234, we quote: "If the arrangement by which the term of a lease is extended for more than one year is a contract within itself, it must be in writing."

From *Donovan v. Brewing Co.,* 92 Mo. App., 341, we quote: "An option in the lessee of a lease for one year to extend the term to a greater length than one year, transforms the contract into a lease for more than a year. Therefore, if the agreement for a lease in this case is not in writing, it is non-enforcible."

The defendant has cited two cases as tending to support his position, *Ward v. Hasbrouck,* 169 N. Y., 407, 62 N. E., 434, and *Falk v. Devendorf,* 172 Wis., 10, 177 N. W., 894. In the New York case, decided in 1902, there are expressions which seem *contra* to the general rule. However, from an examination of this case it appears that the suit was brought to hold Hasbrouck liable on the contract of one Webb for the payment of rent. The question was whether Hasbrouck's agreement was original or collateral. The New York statute contains provision declaring void parol promises to answer for the debt of another, contracts not to be performed in one year, and leases for more than one year, but does not include the pertinent phrase in the North Carolina statute "from the making thereof." The agreement in the first instance with Webb provided for a lease for four months, with option for extension for a period not exceeding 3 years. Hasbrouck exercised the option for one year only and was held liable as for an original undertaking, two Justices dissenting. The Court said: "In the case at bar the exercise of the option was a mere extension of the term of a lease valid at its inception. If, however, regarded as a new lease springing from the exercise of the option, it was for the term of one year . . . and need not be in writing." This is the only case cited by McAdam in his work on Landlord & Tenant in support of this view.

In the Wisconsin case the oral contract was for a lease for one year, with privilege of extension for two years. The Court said that so much of the agreement as purported to give lessee right of possession for one year was conceded by plaintiff, and was treated by the court below as effectual, but that so much of the agreement as purported to grant right of possession thereafter was void. It will be noted, however, that it was only after lessee had retained possession for one year that lessor brought suit and ejected him. The period to which the Court referred was already past. The lease for that period had expired.

After consideration of the provisions of the pertinent statute, in the light of the decisions of this Court and those of other jurisdictions, we

conclude that the alleged oral executory agreement for the lease of land in this case, under which the defendant would have had the right to retain possession of the premises for more than three years, was within the statute of frauds and unenforceable, and that parol evidence in support thereof was properly excluded.

The exception to the refusal of the court to admit in evidence, for the purpose of corroboration, an unsigned form of a written lease cannot be sustained.

In the trial we find